## EGAN v. CHICAGO, M. & ST. P. RY. CO.

(Circuit Court, N. D. Iowa, E. D. January 21, 1893.)

### No. 445.

1. REMOVAL OF CAUSES—TIME OF REMOVAL—FILING PLEADINGS IN STATE COURT.
It is not necessary, in order to the removal of a cause, that any pleading on behalf of defendant should first be filed in the state court; and decisions by a state court that such filing is necessary are not binding upon the federal courts.

2. SAME—SUFFICIENCY OF PETITION.
In an action in a state court, plaintiff claimed damages in the sum of $27,-000 for a death by wrongful act. Defendant, being a citizen of another state, filed in the state court a petition for the removal of the cause to a federal court, averring that the "matter and amount in dispute" exceeded $2,000. The state court accepted this petition and the bond filed therewith, and the transcript was filed in the federal court. *Held*, on a motion to remand, that it sufficiently appeared that a "controversy" existed between the parties, although the petition did not directly allege the same.

At Law. Action brought by Julia Egan, administratrix of the estate of John J. Egan, in an Iowa state court, against the Chicago, Milwaukee & St. Paul Railway Company, to recover damages for the alleged wrongful death of the said John J. Egan. The cause was removed by the defendant to the United States circuit court, and is now heard on a motion to remand. Denied.

Hubert O'Donnell and Henderson, Hurd, Daniels & Kiesel, for the motion.

W. J. Knight, opposed.

SHIRAS, District Judge. This action was brought originally in the district court of Dubuque county, Iowa, from which it was removed to this court upon the application of the defendant company. The plaintiff is, and was when the suit was brought, a citizen of Iowa, and the railway company was and is a corporation created under the laws of the state of Wisconsin. The action is to recover damages in the sum of $27,000, alleged to have been caused to the estate of John J. Egan, the plaintiff's decedent, in that it is alleged that he was killed while in the employ of the company, and that his death was caused by negligence on part of the company. The state court granted the prayer of the petition for removal, which was filed in that court in due season, and the transcript was thereupon filed in this court.

In support of the motion to remand, now made on behalf of the plaintiff, two grounds are relied on; the first being that when the order of removal was made, and the transcript was filed in this court, no pleading had been filed in the state court on behalf of the defendant, and therefore it did not appear that there was a controversy between the parties justifying a removal. It has been the settled rule in this circuit for years, that the filing of a demurrer or answer to the petition of the plaintiff is not a prerequisite to the removal of a case which otherwise comes within the provisions of the removal acts. The supreme court of Iowa has in several cases held that the right of removal cannot be exercised until a pleading making an issue has been duly filed; but, as the question is one arising upon the proper construction of the statutes of the United States, these decisions are not binding upon this court, as would be the case if the question was one arising under the statutes of Iowa, in which event we would cheerfully follow the ruling of the state court. The statute of the United States requires the petition for removal on the ground of diverse citizenship to be filed before or at the time the defendant is required to plead in the state court. To avoid, as far as possible, the evils of the delay necessarily attendant on the change of forum, it has been the policy of the federal courts to require, as far as possible, prompt action on part of those who seek to remove a case from the state to the United States. It has been uniformly ruled that if the time for filing an answer, by consent of the parties, or by order of the court, has been extended beyond the time when the pleading would be due under the statute of the state or by the general rules of the court, such extension of time for pleading will not avail to extend the time for applying for a removal; and it has been likewise held that a party cannot be permitted to experiment in the state court touching the merits of his case, and then, if the results are not to his liking, remove the case into the federal court. Under the removal section of the act of 1888, a defendant may apply for a removal before the time for pleading in the state court has arrived. If it had been the intent of congress, in passing the act, not to permit a removal to be taken until after the issue had been joined in the state court, it would have been very easy to make such intent plain upon the face of the statute; but, instead of so declaring, the act grants the

right to file the petition for removal at any time before the time for pleading in the state court, which clearly indicates that it may be filed at any time before the pleading is due, and without reference to the fact of whether issue has been joined or not. The filing of an answer at the same time the petition for removal is filed confers no right upon the state court to take action on the answer. If the case is a removable one, and the petition containing the necessary averments, with the proper bond, is filed within the time fixed by the statute, then the power of the state court over the case is at an end. It cannot look into the averments contained in the answer to ascertain whether it is proper in form or in substance. So far as the state court is concerned, the answer is of no moment, provided the record otherwise shows the case to be one that is removable; and requiring it to be filed before a removal can be had only increases the expense by increasing the size of the transcript. If congress had intended not to authorize a removal, except in cases wherein an actual controversy was shown to exist by the issues made in the pleadings filed by the adversary parties, apt language would have been used, fixing the time for applying for the removal after issue had been in fact joined, instead of requiring it to be done before or at the time the answer is due according to the rules of practice in the state court.

The second position taken in support of the motion to remand is that, granting that it is not necessary to file a pleading in the state court as a prerequisite to the right to remove a case, nevertheless it must be made to appear, in some way, that there is actually a controversy between the parties, and that in the present case this was not made to appear in the state court upon the face of the record, and therefore the order of removal was improperly made, and the case should be remanded. The petition for removal, after giving the title of the court and of the case, states that "your petitioner, who is defendant in the above-entitled cause, respectfully shows to this honorable court that the matter and amount in dispute in the above-entitled suit exceeds, exclusive of interest and costs, the sum or value of two thousand dollars; that the controversy in said suit is between citizens of different states," etc.

The point of the objection to the petition is that it does not directly aver that there is a controversy between the parties; yet taking these averments in connection with the petition in the case, wherein a cause of action is clearly set forth in favor of the plaintiff and against the defendant, it certainly does appear that there is a controversy between the parties to the suit. The petition in the action asserts a claim against the defendant for the causes therein stated, and for damages in the sum of $27,000, and prays judgment for that sum. The defendant in the petition for removal "shows to the court that the matter and amount in dispute in the above-entitled suit exceeds two thousand dollars," etc. Fairly construed, this is an averment that, in the case referred to, there is a matter in dispute which exceeds in amount the sum of $2,000. The state court accepted this averment as a statement showing that there was in fact a controversy between the parties, and no ground

is now perceived why such ruling of the state court should be held bad. If, as a matter of fact, there was not a controversy between the parties, and the state court was imposed upon, there is ample power in this court to remedy the wrong, and punish, by way of costs, the wrong done; but there is no claim now made that there is not in fact an actual controversy between the parties, and always has been since the action was commenced in the state court. The record in this court shows that the defendant has filed an answer denying the allegations of the plaintiff's petition. As the case now stands, it appears that the same was removabl  into this court upon the petition of the defendant, in that it appears that it is now, and was when it was commenced, an action between citizens of different states, the plaintiff living in Iowa, and the defendant being a corporation of Wisconsin, wherein is involved a controversy exceeding in amount the sum of $2,000. There is no ground for holding that the state court was in any way imposed upon, or that by the want of positive averments in the petition for removal that court was misled as to the actual facts. It is not to be denied that the petition for removal is open to the criticism made upon it, yet I do not think it ought to be held that the construction put upon it by the state court cannot be sustained.

Motion to remand is therefore overruled.