RADIO CORPORATION OF AMERICA *v.* RAYTHEON MANUFACTURING CO.

No. 127. Argued December 11, 1935.—Decided December 23, 1935.

*Messrs. John W. Davis* and *Richard Wait* argued the cause and *Mr. Davis,* with *Messrs. John L. Hall, Manton Davis,* and *Claude R. Branch,* filed a brief, for petitioner.

*Mr. Edward F. McClennen* for respondent.

MR. JUSTICE CARDOZO delivered the opinion of the Court.

The question is whether in the circumstances here exhibited the validity of a release pleaded by a defendant as a bar to a cause of action at law is triable in equity.

Plaintiff, respondent in this court, is a Massachusetts corporation, once known as Raytheon Manufacturing Company, now known as Raytheon, Inc. It sues for the

benefit of Raytheon Manufacturing Company, a Delaware corporation, which by agreement is to receive the fruits of a recovery. The cause of action is under the anti-trust laws for treble the damages suffered by the plaintiff through a combination and monopoly in restraint of trade and commerce. 15 U. S. C., §§ 1, 2, 14, 15. The defendant, petitioner in this court, pleads as one of its defenses that after the cause of action had arisen the plaintiff without duress and for a valuable consideration signed and delivered to the defendant a general release under seal.

At this point there is need to recur to the allegations of the complaint. From them it appears that the defendant's monopoly became complete by the early part of 1928. The plaintiff's business had then been destroyed to its damage in excess of $3,000,000. "Wholly because of this destruction and of the illegal duress" imposed by the monopoly, the plaintiff and the Delaware corporation were compelled to seek and accept a license from the defendant and to execute a release. The complaint does not state whether the document was sealed. "The illegal duress aforesaid by the defendant rendered said release void, and the plaintiff has never executed a valid release of said claim." Moreover, there was an agreement upon "the execution of the void release" that its effect in stated contingencies was to be subject to exceptions. The release was not to be pleaded as a bar if there was "pecuniary recognition" by the defendant of the rights of other claimants. Such "pecuniary recognition" there has been to the extent of $1,600,000, with the result that plaintiff may recover within that limit, even if not beyond. All this appears from the complaint with many amplifying statements unimportant here and now.

The issues being thus defined, the defendant moved upon the pleadings to transfer the case to equity for a preliminary hearing upon the validity of the release.

This motion was granted against the plaintiff's opposition. Thereafter plaintiff moved to vacate or supersede the transfer, disclaiming "any right or remedy in this case, because of duress, to be relieved from such operation as said release would have at law had there been no duress." * This motion was denied. Thereafter plaintiff moved for a final decree dismissing it from equity, and reiterated its disclaimer of any right or remedy not belonging to it at law. This motion also was denied. At the same time a decree was entered at the instance of the defendant adjudging that the release as set forth in the defendant's answer was "valid and binding," and sending the case back to law for further proceedings. From the decree and the supporting orders there was an appeal by the plaintiff to the Circuit Court of Appeals for the First Circuit, where the decree and orders were reversed. 76 F. (2d) 943. The opinion covers a wide range. It considers the distinction between fraud in the "factum" and fraud in the "inducement" as affecting the power of a court of law to nullify a release not otherwise illegal, and the distinction for the same purpose between sealed and unsealed instruments. It suggests, without deciding, that the presence or absence of a seal, whatever significance may have attached thereto of old, has now ceased to be important. In the end it holds,

---

* For greater certainty we add the next succeeding paragraph:

"Following this disclaimer, the issue, as to duress, for trial is whether the purported release which was obtained by the defendant from the plaintiff was originally obtained in fact by the duress of a power obtained by the defendant by unlawfully restraining interstate trade and substantially lessening competition therein by contract, combination or conspiracy or otherwise or by monopolizing or attempting to monopolize interstate trade in violation of Code of Laws of the United States, Title 15, chapter 1, sections 1, 2 and 14, or any of them, and if so whether a court of law, not equity, of the United States will adjudge originally valid a release so obtained, notwithstanding such duress."

however, that the release signed by the plaintiff was so connected with the unlawful combination and monopoly as to be inoperative at law, irrespective of the possibility of avoiding it in equity. A writ of certiorari issued to resolve a claim of conflict with decisions of this court.

The answer with its plea in bar will be searched in vain for the suggestion of an equitable defense. A release under seal is a good defense at law, unless its effect is overcome by new matter in avoidance. This will happen, for illustration, when it is so much a part of an illegal transaction as to be void in its inception. If it is subject to that taint, a court of law is competent to put it out of the way. We assume that a like competence exists in other circumstances. True there are times when a release, unassailable at law, is voidable in equity, and in equity only. If the plaintiff were demanding relief upon that basis, the equitable issue would have to be disposed of at the beginning. *American Mills Co.* v. *American Surety Co.*, 260 U. S. 360, 363; *Liberty Oil Co.* v. *Condon National Bank,* 260 U. S. 235, 242; *Enelow* v. *New York Life Insurance Co.*, 293 U. S. 379, 383; *Adamos* v. *New York Life Insurance Co.*, 293 U. S. 386. With the parties so arrayed, the situation would be the same as if a bill in equity had been filed to set aside the release, the suitor thus removing a bar to a recovery. *Enelow* v. *New York Life Insurance Co.*, *supra,* p. 382. But the plaintiff disclaims any title to relief upon that basis. It insists that the release is void at law on one or other of two grounds, either because not sealed by the maker, or because tainted with the same illegality as the illegal combination. It concedes here, as it did in the District Court, that if unable to prevail at law, it is unable to prevail anywhere. Before the days of equitable defenses no one would have insisted that a suitor who refused to file a bill in chancery could be sent there against his will. The only penalty for refusing to go would be the loss of any remedy peculiar to a court of equity. There is no other penalty now

after the reforms of the Judicial Code. The defendant, setting up a legal defense, the bar of a release, would have us force upon the plaintiff an equitable replication which the plaintiff disavows. Accepting the disavowal, a court of equity must decline at this stage to adjudicate the validity of the release or its effect upon the parties, leaving that issue along with others to adjudication at law.

In thus delimiting the issues we delimit at the same time the scope of our decision. We do not attempt to say whether the release will collapse upon the showing of an illegal combination or will retain an independent life. That is matter for the trial at law, where the bond between monopoly and surrender can be shown with certainty and fulness. Till then it will be best to put aside as premature not a little that is said in the opinion of the court below. Enough for present purposes that there are issues triable at law, and none triable in equity. We leave our ruling there.

The decree of the Circuit Court of Appeals is accordingly

*Affirmed.*