**DETWILER v. CHICAGO, R. I. & P. RY. CO. et al.**

District Court, D. Minnesota, First Division.
March 30, 1936.

Robert J. McDonald and William H. De Parcq, both of Minneapolis, Minn., for plaintiff.

Philip Stringer, of O'Brien, Horn & Stringer, of St. Paul, Minn., for defendants.

JOYCE, District Judge (after stating the facts as above).

I. First, with reference to the demurrer of the defendant corporation: The complaint of the plaintiff alleges in paragraph I the corporate existence and common carrier character of the defendant corporation. Paragraph II recites the proceedings incident to the appointment of the defendant trustees in November, 1933, and their present capacity in that respect. Paragraph III sets forth that the defendants were engaged in the business of a common carrier, and that the plaintiff was employed by them in interstate commerce. It is claimed that plaintiff's injuries occurred July 7, 1935.

The answer of the defendant trustees admits their appointment as such trustees by virtue of certain proceedings under the Bankruptcy Act of the United States (section 77, as amended, section 205, title 11 U.S.C.A.)

Section 205 (a) of 11 U.S.C.A. (Bankruptcy Act) among other things provides that the court shall have "exclusive jurisdiction of the debtor and its property wherever located." Section 205 (c) (1) among other things provides that "the judge shall appoint one or more trustees of the debtor's property." Section 205 (c) (2) provides: "The trustees * * * shall have all the title and shall exercise * * * the powers of a receiver in an equity proceeding, and, * * * the power to operate the business of the debtor." After the debtor is dispossessed, the language of the act suggests operation solely by the trustees. There is no suggestion of joint operation or control by the debtor, as must appear before the case of Pennsylvania R. R. Co. v. Jones, 155 U.S. 333, 15 S.Ct. 136, 39 L.Ed. 176, relied on by the plaintiff, would control the situation. Exclusive possession and occupation of the debtor's property having been lodged in the trustees, pursuant to the provisions of section 205 above set forth, the debtor corporation would not be liable for personal injuries caused by the negligent operation of the railroad by such trustees, in accordance with the rule laid down by Justice Lurton when Circuit Judge, in Memphis & C. R. R. Co. v. Hoechner (C.C.A.) 67 F. 456.

The demurrer of the defendant corporation is sustained.

II. With reference to the motion of defendants seeking the transfer of the cause to the equity side of the court, staying all proceedings at law in the action until the equitable issues asserted have been disposed of, and for other relief.

The defendant trustees have filed answer to the action at law, and further answering and "as a separate defense and as an equitable defense and cross-bill herein" there is set up by the trustee defendants a contract bearing date of November 13, 1935, whereby the plaintiff, in consideration of the sum of $100 paid to him, agreed among other things that he would not sue said railway company or said trustees for his said injuries in any courts except those sitting within the state wherein his injuries were sustained or wherein plaintiff resided at the time his injuries were sustained; said contract appearing as Exhibit A to said answer. The court is asked by defendants' further answer to determine all issues between the parties arising from said contract in advance of the determination of the other issues in the case, to which answer plaintiff has filed his reply.

Counsel on both sides have submitted elaborate briefs and have argued the cause at length affecting the validity of the contract, Exhibit A, the reasonableness of the limitation therein contained, the effect of the time of its making, as well as other

questions involved. It is my view that the equitable defense set up by the defendant trustees is within the purview of the provisions of the Judicial Code, § 274b (section 398, title 28 U.S.C.A.), which reads as follows: "In all actions at law equitable defenses may be interposed by answer, plea, or replication without the necessity of filing a bill on the equity side of the court. The defendant shall have the same rights in such case as if he had filed a bill embodying the defense of seeking the relief prayed for in such answer or plea. Equitable relief respecting the subject matter of the suit may thus be obtained by answer or plea. In case affirmative relief is prayed in such answer or plea, the plaintiff shall file a replication. Review of the judgment or decree entered in such case shall be regulated by rule of court. Whether such review be sought by writ of error or by appeal the appellate court shall have full power to render such judgment upon the records as law and justice shall require."

Montgomery's Manual of Federal Procedure, § 386, states the rule applicable to the situation thus created: "The interposition of the equitable defense converts the proceeding from an action at law to a suit in equity; and hence the proper practice is to order the cause to be transferred to the equity side of the court. Inasmuch, however, as legal and equitable rights and remedies must be kept apart and enforced by separate proceedings, the issue which is created by the equitable defense must be decided according to the rules and procedure of equity, and a legal issue which may remain to be decided must be disposed of pursuant to the rules and procedure of the law side of the court. The matter of defense makes the issue equitable; and this issue is to be tried by the judge acting as a chancellor. Thereafter, the legal issue is triable by jury,—and thus the right of trial by jury is preserved. * * *"

To the same effect is the rule laid down in sections 3848-3850, Hughes Federal Practice.

In Union Pacific R. R. Co. v. Syas (C. C.A.) 246 F. 561, on page 566, Judge Carland said: "We are clearly of the opinion that, when equitable relief is asked in an action at law under the statute above quoted, the case for equitable relief should be tried as a case in equity, and that the great weight of authority is in favor of the practice of trying the case in equity first, for this practice serves to keep the equitable matter distinct, and to prevent what must otherwise frequently ensue—confusion and embarrassment in the progress of the action."

See, also, Liberty Oil v. Condon Nat'l Bank, 260 U.S. 235, 43 S.Ct. 118, 67 L.Ed. 232; Ayres Mercantile Co. v. Union Pacific R. Co. (C.C.A.) 16 F.(2d) 395, and cases cited.

Plaintiff urges the case of Radio Corp. v. Raytheon Mfg. Co., 296 U.S. 459, 56 S. Ct. 297, 299, 80 L.Ed. 327, as controlling in the instant case. Suffice it to say that in that case the court said: "The answer with its plea in bar will be searched in vain for the suggestion of an equitable defense."

Since such a defense appears in the within case and equitable relief is prayed for, I am of the opinion that the motion of the defendant trustees should be granted and sustained, and it is so ordered, and the cause is transferred to the equity calendar for a determination of the equitable issues involved, and all proceedings at law are stayed until a determination thereof.

III. Plaintiff's motion to strike that portion of the answer of the defendant trustees setting up the so-called contract as a defense upon the ground that it appears to be void on its face, and the further motion that if said motion be denied that the defendant trustees amend their answer in certain particulars as set out therein, be and the whole thereof is denied.

Exceptions allowed.