## HOLLINGSWORTH v. GENERAL PE-TROLEUM CORPORATION OF CALIFORNIA.

### No. 12790.

District Court, D. Oregon.

Jan. 31, 1939.

Earl A. Nott, of McMinnville, Or., and Maguire, Shields & Morrison, by Donald K. Grant, all of Portland, Or., for plaintiff.

Wilson & Reilly, by John F. Reilly, all of Portland, Or., for defendant.

McCOLLOCH, District Judge.

The question for decision is whether the established rule in this court of trying fraud "in the consideration" of releases without a jury must be changed, because of Erie Railroad Co. v. Tompkins, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188, 114 A.L.R. 1487. It is contended that the holding of Olston v. Oregon Water Power & R. Co., 52 Or. 343, 96 P. 1065, 97 P. 538, 20 L.R.A., N.S., 915, to the effect that fraud in the consideration, as well as in the execution of a release, even when under seal, is a legal question, triable by jury, furnishes a rule of substantive law controlling on this court in the trial hereafter of similar questions. Reference is also made to the provisions of the new Rules of Civil Procedure as to jury trials. Rule 38, 28 U.S.C.A. following section 723c.

A more correct statement of the problem presented is, it seems to me, whether the Federal courts in applying the Seventh Amendment, U.S.C.A.Const. guaranteeing trial by jury "in suits at common law", are bound by the decisions of the State courts as to what constitute legal defenses. I don't feel that they are. Ample authority exists that Federal courts do not yield to the views of State courts in the construction of Federal statutes or of the Constitution of the United States. Egan v. Chicago M. & St. P. R. Co., C.C., 53 F. 675; Kowalski v. Chicago G. W. R. Co., C.C., 84 F. 586. We are here dealing with a Federal question, as to which we look only to the United States Supreme Court for our ultimate authority. 15 C.J. p. 930; DeVall v. DeVall, 57 Or. 128, 109 P. 755, 110 P. 705.

Until Radio Corporation of America v. Raytheon Manufacturing Co., 296 U.S. 459, 56 S.Ct. 297, 80 L.Ed. 327, which explicitly states that some fraud cases pertaining to releases are triable *solely* in equity, is reversed or modified, we shall continue to follow the established practice of this court of trying fraud "in consideration" cases without a jury. Incidentally, this practice appears to be in harmony with the majority Federal rule. Pringle v. Storrow, D.C., 9 F.2d 464.

While I feel that this decision can well be rested on the ground above stated, I must say to counsel that I am not so certain as counsel appears to be, that the question of whether a jury is demandable of right as to a fraud issue, or any other issue, is one of substantive law. Professor Beale thinks not. Beale, Conflict of Laws, Vol. 3, Sec. 594.1 (1935 Ed.). See also Restatement Conflict of Laws, Secs. 584 and 594; and to the same effect see "Conflict of Laws —Lex Fori and Lex Loci * * *." 12 Minnesota Law Review 263; Cook, 42 Yale Law Journal 333.