**MICHAEL ROSE PRODUCTIONS, Inc., Plaintiff,**

v.

**LOEW'S INCORPORATED, Paramount Film Distributing Corporation, Twentieth Century Fox Film Corporation, R.K.O. Radio Pictures, Inc., Warner Bros. Pictures Distributing Corporation, Universal Film Exchanges, Inc., Columbia Pictures Corporation and United Artists Corporation, Defendants.**

United States District Court
S. D. New York.
Oct. 18, 1956.

Aaron E. Koota, New York City, and Francis T. Anderson, Philadelphia, Pa., for plaintiff.

Simpson, Thacher & Bartlett, New York City, for all defendants except Columbia Pictures Corp., Albert C. Bickford, Cyrus R. Vance, William J. Manning, New York City, of counsel.

Schwartz & Frohlich, New York City, for defendant Columbia Pictures Corp., Myles J. Lane, New York City, Bernard R. Sorkin, Brooklyn, N. Y., of counsel.

HERLANDS, District Judge.

This is a motion by defendants for a separate trial without a jury or, in the alternative, for an order pursuant to Rule 39(a) of the Federal Rules of Civil

Procedure, 28 U.S.C.A., striking plaintiff's demand for a jury trial in so far as it concerns the issue of a general release pleaded as a defense in defendants' amended answers.

The litigation in chief involves a private, civil, antitrust, treble damage action. Defendants' amended answers plead as an affirmative defense a general release executed by plaintiff in favor of Loew's Incorporated and United Artists Corporation, two of the eight defendants joined in the present action.[1] The remaining six defendants also urge the general release as a defense in their behalf on the common law doctrine that the release of one joint tortfeasor releases all.[2]

Plaintiff does not dispute the execution of the release, but avers that the release was intended to relate specifically only to an action in the Supreme Court of the State of New York, County of New York, for breach of contract, instituted against the two defendants in whose favor the release was subsequently executed.[3]

█ It is well established that where release issues may be tried without inevitably bringing in all the issues raised in the complaint, the Court may, in the exercise of its discretion under Rule 42(b) of the Federal Rules of Civil Procedure, grant a separate trial on the issues raised by the release.[4]

It is questionable here whether what plaintiff genuinely opposes is defendants' request for a separate trial, as such, on the questions raised by the release.[5] What is strongly disputed is whether the separate trial should be a jury or nonjury trial.[5]

---

1. Defendants have previously moved for summary judgment, basing their motion upon this general release. That motion was before me for decision and was disposed of with a detailed written opinion. Michael Rose Productions, Inc., v. Loew's Inc., D.C.S.D.N.Y.1956, 141 F. Supp. 257. The opinion contains a full presentation of the facts and respective contentions of both plaintiff and defendants as to the force and effect of the release.

2. See Michael Rose Productions, Inc., v. Loew's Inc., supra, footnote 5.

3. Subsequent to the filing of my opinion, *supra*, an affidavit was submitted on behalf of plaintiff by Sam M. Rose, the person who signed the release in question, as president of the plaintiff corporation. In the affidavit it is specifically averred that the release had been executed through mutual mistake or its equivalent—mistake on the part of plaintiff and fraud on the part of defendants. The depositions taken pursuant to my direction in the earlier opinion indicated that there was a disputable issue of fact on the question of whether or not this was a case of mutual mistake or its equivalent. Under these circumstances, it was required that defendants' renewed motion for summary judgment be denied. Michael Rose Productions, Inc., v. Loew's Inc., D.C.S.D.N.Y.1956, 143 F.Supp. 606.

4. Sogmose Realties, Inc., v. Twentieth Century-Fox Film Corp., D.C.S.D.N.Y. 1954, 15 F.R.D. 496; Bowie v. Sorrell, 4 Cir., 1953, 209 F.2d 49, 43 A.L.R.2d 781; Larsen v. Powell, D.C.D.Colo.1954, 16 F.R.D. 322; Nesbitt v. Hauck, D.C. D.S.D.1954, 15 F.R.D. 254; Ross v. Service Lines, Inc., D.C.E.D.Ill.1940, 31 F.Supp. 871; Hoad v. New York Central R. Co., D.C.W.D.N.Y.1933, 3 F.Supp. 1020.

   A separate trial on issues raised by a release has been denied only in situations where the issues relevant to the validity of the release are entangled with those involved in the main action, or where two trials would seriously inconvenience one of the parties. See, e. g., Fleischman v. Hardwood, D.C.S.D.N.Y.1950, 10 F.R.D. 139; Clark v. Atlantic Stevedoring Co., D.C.E.D.N.Y.1943, 3 F.R.D. 35; Suffin v. Springer, D.C.S.D.N.Y.1940, 1 F.R.D. 245.

5. Plaintiff's original affidavit in opposition to the present motion did not challenge defendants' request for a separate trial on the issue of the release. Nor did plaintiff's memorandum of law in opposition to defendants' motion challenge the request for a separate trial. Only after receipt of defendants' memorandum of law in support of this motion and defendants' oral argument in support of the motion, did plaintiff challenge the

Plaintiff's attack on the release as a conclusive affirmative defense is based primarily on the proposition that the broad, unqualified language and scope of the release is a result of mutual mistake on the part of both parties to the release. As such, the separate trial on the actually intended scope of the release is properly triable before the Court without a jury.[6]

Plaintiff's suggestion of "fraud" on the part of defendants was not made originally by plaintiff; and the issue of "fraud" was not taken up on the depositions conducted pursuant to my ruling on defendants' initial motion for summary judgment. Plaintiff's theory of fraud seems to have evolved to suit the exigencies of the litigation, and was simply tacked on to the original and fundamental thesis of plaintiff that the release was executed through mutual mistake.

Plaintiff argues that its execution of the general release—as distinguished from a special release restricted as to the cause of action involved in the New York Supreme Court litigation over the "Joe Louis Story"—presents a case of fraud in the "factum," thereby rendering the general release "void in law" (Mr. Anderson's affidavit of August 9, 1956, p. 1).

This argument is erroneous. The fraud, if any, was in the "inducement" and not in the "factum"; and, hence, the release would, at most, be voidable and not void.[7] This appears from the very nature of plaintiff's own position: that plaintiff had knowingly and voluntarily executed a release, the scope of which was allegedly intended to relate only to one specific cause of action, whereas plaintiff executed a release, the expressed scope of which related to all causes of action. Plaintiff has not instituted an independent action to rescind or cancel the release. In the face of defendant's interposition of the general release as an affirmative defense, plaintiff still recognizes the validity of this particular release "pro tanto," i.e., in so far as it relates to the New York Supreme Court litigation. (Mr. Anderson's affidavit of August 9, 1956, p. 1) Thus, in order to give the release the scope as allegedly intended by plaintiff, plaintiff affirms the release in part and disaffirms it in part. This is simply another way of saying that the legal consequences sought by plaintiff are the same as those which would follow from a reformation of the general release to conform with plaintiff's intent.

The foregoing facts and conclusions are not altered by the verbalism of plaintiff's present disclaimer of "equitable relief."

Plaintiff relies heavily upon Radio Corporation of America v. Raytheon Manufacturing Co., 1935, 296 U.S. 459, 56 S. Ct. 297, 80 L.Ed. 327, affirming 1 Cir., 1935, 76 F.2d 943. The Raytheon case is, however, sharply distinguishable from the case at bar in fundamental respects. In the Raytheon case, the cause of action was for treble damages under the combination and monopoly provisions of the antitrust laws. The complaint contained the following allegations, as recited in the opinion of Mr. Justice Cardozo, 296 U.S. at page 460, 56 S.Ct. at page 298: (1) that defendant's monopoly had destroyed plaintiff's business, causing damage in excess of $3,000,000.; (2) that because of this destruction and of "the illegal duress" imposed by the monopoly, plaintiff was "compelled" to execute a general release in favor of defendant; (3) that by virtue of defendant's "illegal duress," plaintiff had "never executed

request for a separate trial on the issue of the release.

6. Smith v. Bear, 2 Cir., 1956, 237 F.2d 79. That the point involved in the case at bar was before the Court of Appeals in Smith v. Bear, see page 7 of appellant's reply brief submitted to the Court of Appeals in that case.

7. Wigmore, Evidence (1940, 3rd ed.) IX, section 2423. Restatement of the Law, Contracts, vol. 2, sections 471, 472, 475, 476.

a valid release of said claim" and the release was "void"; (4) that, at the time when "the void release" had been executed, there was an agreement that "the release was not to be pleaded as a bar if there was 'pecuniary recognition' by the defendant of the rights of other claimants"; that defendant had given "pecuniary recognition" to other claimants, with the result that the release could not properly be pleaded as a bar.

Defendant's answer pleaded, as a defense, that after the cause of action had arisen, plaintiff without duress and for a valuable consideration, signed and delivered to defendant a general release.

Defendant moved "upon the pleadings" to transfer the case to equity for a preliminary hearing upon the issue of the validity of the release. The District Court granted the motion; and a decree was eventually entered adjudging the release to be valid and binding, and sending the case back to law for further proceedings. The Circuit Court of Appeals for the First Circuit reversed, holding "that the release signed by the plaintiff was so connected with the unlawful combination and monopoly as to be inoperative at law, irrespective of the possibility of avoiding it in equity." 296 U.S. at page 462, 56 S.Ct. at page 298.

The Supreme Court, in affirming the Circuit Court of Appeals, held: (1) The effect of a release is overcome "when it is so much a part of an illegal transaction as to be void in its inception. If it is subject to that taint, a court of law is competent to put it out of the way", 296 U.S. at page 462, 56 S.Ct. at page 299; (2) Since the plaintiff contends that "the release is void at law" because "tainted with the same illegality as the illegal combination," that issue should be tried at law along with the other issue of illegal combination, at which trial "the bond between monopoly and surrender can be shown with certainty and fulness", 296 U.S. at pages 462–463, 56 S. Ct. at page 299.

 The case at bar does not contain the essential elements of the Raytheon case; and, accordingly, falls outside its rationale.

Motion granted. Settle order on notice.