470 So.2d 1094 (1985)
Ex parte BURLINGTON NORTHERN RAILROAD COMPANY.
(In re Nettie Faye Duckworth WARREN, etc. v. BURLINGTON NORTHERN RAILROAD COMPANY, etc., et al.)
83-1159.
Supreme Court of Alabama.
January 4, 1985.
Rehearing Denied May 10, 1985.
L. Vastine Stabler, Jr., Michael C. Quillen, and Kenneth D. Davis of Cabaniss, Johnston, Gardner, Dumas & O'Neal, Birmingham, for petitioner.
Frank O. Burge, Jr. of Burge, Florie, Powell & Wettermark, Birmingham, for respondent.
ADAMS, Justice.
Petitioner Burlington Northern Railroad Company (hereinafter Burlington) seeks a writ of mandamus from this Court requiring the Honorable Marvin Cherner, Circuit Judge of Jefferson County, to grant Burlington's motion to strike the plaintiff's jury demand in a pending action against the railroad. We deny the writ.
The petition for mandamus arises from the case of Nettie Faye Duckworth Warren v. Burlington Northern Railroad Company, now pending in the Circuit Court of Jefferson County. Mrs. Warren, the administratrix of the estate of her deceased husband, James B. Duckworth, filed suit against petitioner Burlington, as well as Kershaw Manufacturing Company (hereinafter Kershaw). She alleges that her deceased husband was a laborer for Burlington and was killed on the job due to *1095 the negligence of the railroad. This claim is governed by the Federal Employer's Liability Act, 45 U.S.C. § 51, et seq. (FELA).
Mrs. Warren claims against Kershaw that it is liable for the negligent manufacture of certain equipment involved in her husband's death. She pursues this claim under the Alabama Extended Manufacturer's Liability Doctrine.
In addition to these allegations, the plaintiff asserts that a judgment was previously entered in her favor for $151,500.00 in the case of Nettie Faye Duckworth v. St. Louis-San Francisco Railway Company and Kershaw Manufacturing, a case based on the same causes of action.[1] Mrs. Warren claims that this judgment was procured through fraud, however, and is therefore null and void.
According to the plaintiff's amended complaint, the fraud occurred when Burlington's claims agent convinced Mrs. Warren to settle for less than she was entitled to by representing that she did not need a lawyer because, as Burlington's agent, he would handle her claim. She says that the agent did not explain the liability of Burlington under the FELA and did not mention the various elements of damages recoverable under the FELA; that the agent stated that $151,500.00 was all that she could recover from the railroad; and that she agreed to accept that amount, a complaint was filed, and the consent judgment was entered.
In Mrs. Warren's present action against Burlington, the railroad filed a motion to dismiss for failure to plead fraud with particularity. This motion was granted and Mrs. Warren subsequently amended her complaint. Burlington then filed a motion to transfer the suit to the "Equity Division" of the Jefferson Circuit Court on the grounds that an independent suit to set aside an earlier judgment is an equitable action. This motion was also granted. Burlington then filed a motion to strike plaintiff's jury demand on the grounds that there is no right to a jury trial in a court of equity. The case was transferred back to the "Civil Division," where Judge Cherner denied this motion to strike. Burlington now petitions for a writ of mandamus to require Judge Cherner to strike the plaintiff's jury demand.
The issue in this case is whether the Federal Employer's Liability Act requires a jury trial on the question of whether an earlier consent judgment was procured by fraud, notwithstanding the fact that an independent action to set aside a judgment is normally an equitable proceeding heard by the court. We hold that a jury trial is required under these circumstances.
This case presents a conflict between a federal statutory remedy and traditional Alabama equity law. It is settled in this state that an independent action brought to set aside or vacate a judgment procured by fraud, accident, or mistake is an action in equity. Maddox v. Hunt, 281 Ala. 335, 202 So.2d 543 (1967). There is no right to a jury trial in such actions. Ex parte Jones, 447 So.2d 709 (Ala.1984). Burlington argues that under these principles, Mrs. Warren's claim that her consent judgment was procured by fraud is equitable in nature and thus should be decided by the court rather than a jury.
In this case, however, the plaintiff is suing under a federal statute and not Alabama law. This distinction represents a crucial factor in our decision to deny Burlington's writ. If Mrs. Warren's claim involved state law, the validity of the earlier consent judgment would be determined in the traditional fashion by the court sitting in equity. The fact that this is an FELA case requires a different result; a jury must decide whether there was fraud.
The Federal Employer's Liability Act, 45 U.S.C. § 51, et seq., establishes a uniform national body of law to govern railroad workers' claims against their employers. Second Employer's Liability Cases, 223 *1096 U.S. 1, 32 S.Ct. 169, 56 L.Ed. 327 (1912). Thus it has been held that federal law and not state law will control in FELA actions. Chesapeake & Ohio R. Co. v. Kuhn, 284 U.S. 44, 52 S.Ct. 45, 76 L.Ed. 157 (1931). This is a necessary conclusion if uniformity is to be achieved, considering the fact that state and federal courts have concurrent jurisdiction to entertain FELA suits. 45 U.S.C. § 56.
The FELA does not expressly require a jury trial for the claims brought thereunder. Further, the Seventh Amendment, U.S. Const., does not require state courts hearing FELA claims to provide jury trials in those suits. Minneapolis & St. Louis Railroad Company v. Bombolis, 241 U.S. 211, 36 S.Ct. 595, 60 L.Ed. 961 (1916). If a state provides a jury trial in a common law negligence action, however, it must provide a jury trial in an FELA negligence action. Dice v. Akron, Canton & Youngstown Railroad Company, 342 U.S. 359, 72 S.Ct. 312, 96 L.Ed. 398 (1952). Thus, in Alabama, Mrs. Warren is guaranteed a jury trial in her FELA action against Burlington.
The question remains as to whether the state, having recognized the FELA cause of action and the right to a jury trial therein, can deny the right to a jury finding on a crucial issue raised in the litigation, in this case the validity of the prior consent judgment. The United States Supreme Court decision in Dice v. Akron, Canton & Youngstown R. Co., supra, is dispositive of this issue.
Dice is analogous to the present situation, because in that case, the defendant railroad asserted as a defense that plaintiff Dice had signed a document releasing the railroad of its liability in exchange for a cash settlement. Dice claimed that the release was void, however, because it was obtained by fraud. A jury found for the plaintiff, but the trial court entered a JNOV in favor of the railroad after "reappraising" the evidence as to fraud. The Supreme Court of Ohio sustained the trial court's action, holding that under controlling Ohio law, factual issues in regard to fraud in the execution of such a release were properly determined by the court and not the jury.
The United States Supreme Court reversed the Ohio Supreme Court's holding. Justice Black, writing for the majority, criticized Ohio for providing the usual jury trial of factual issues relating to negligence, but nevertheless permitting the judge to resolve the question of fraud in the release. The Court noted that Ohio could lawfully remove the right to a jury trial in an FELA case only by abolishing trial by jury in all negligence cases, whether arising under common law or under the federal Act. The Court went on to say the following:
But Ohio has not done this. It has provided jury trials for cases arising under the federal Act but seeks to single out one phase of the question of fraudulent releases for determination by a judge rather than by a jury.
342 U.S. at 363, 72 S.Ct. at 315. Ohio's practice was therefore improper in an FELA action.
The Dice decision went on to emphasize the importance of the jury trial in FELA litigation:
We have previously held that "The right to trial by jury is `a basic and fundamental feature of our system of federal jurisprudence'" and that it is "part and parcel of the remedy afforded railroad workers under the Employers' Liability Act." Bailey v. Central Vermont R. Co., 319 U.S. 350, 354, [63 S.Ct. 1062, 1064, 87 L.Ed. 1444 (1943)]. We also recognized in that case that to deprive railroad workers of the benefit of a jury trial where there is evidence to support negligence "is to take away a goodly portion of the relief which Congress has afforded them." It follows that the right to trial by jury is too substantial a part of the rights accorded by the Act to permit it to be classified as a mere "local rule of procedure" for denial in the manner that Ohio has here used. Brown v. Western R. Co., 338 U.S. 294 *1097 [70 S.Ct. 105, 94 L.Ed. 100 (1949) ]. [Emphasis added.]
342 U.S. at 363, 72 S.Ct. at 315.
Burlington's argument that the issue of fraud in Mrs. Warren's consent judgment should be determined by a judge rather than a jury is directly contrary to the holding in Dice. Alabama's equity practice is no more sacred than that of Ohio, and will justify the denial of a jury trial no more than Ohio's equity practice did in Dice.
Petitioner argues that Dice applied only to a release and not to a consent judgment such as that involved here. Admittedly, there is a difference between the two devices. What is important here, however, is that both releases and consent judgments would be attacked in equity proceedings under Alabama law. Dice would require a jury for such an attack on a release in an FELA case. A consent judgment would, therefore, be handled in the same way.
Judge Cherner's pre-trial order, which denied Burlington's motion to strike the jury demand, reaches this conclusion:
In both Dice and the present case, the F.E.L.A. claimant has asserted a claim which is equitable in nature; in Dice, the plaintiff was seeking to cancel a release as having been secured by fraud. In the present case, the F.E.L.A. claimant is seeking to cancel a consent judgment as having been obtained by fraud. In both cases, the claimant would not be entitled to a jury trial under state law to decide such issues. However, under Dice, the F.E.L.A. claimant is guaranteed the trial by jury for such issues as a substantive right. Under Dice, Nettie Faye Warren is entitled to a jury trial on the issue whether the consent judgment was obtained by fraud.
We agree with this perceptive and concise analysis.
Under the guidance of the United States Supreme Court decision in Dice, we conclude that Judge Cherner was correct in denying Burlington's motion to strike Mrs. Warren's jury demand. We therefore deny the petition for a writ of mandamus.
WRIT DENIED.
MADDOX, FAULKNER, JONES, SHORES and BEATTY, JJ., concur.
TORBERT, C.J., and ALMON and EMBRY, JJ., dissent.
TORBERT, Chief Justice (dissenting).
I dissent because I believe the issue in Dice v. Akron, Canton & Youngstown Railroad Co., 342 U.S. 359, 72 S.Ct. 312, 96 L.Ed. 398 (1952), was decided incorrectly and even if it was correctly decided this case is distinguishable. Prior to Dice, the Supreme Court had said that states, in entertaining actions under the Federal Employers' Liability Act (FELA), had to provide a jury trial only if they provided for jury trials in local negligence actions. Minneapolis & St. Louis R. Co. v. Bombolis, 241 U.S. 211, 36 S.Ct. 595, 60 L.Ed. 961 (1916); see also Dice, supra (Frankfurter, J., dissenting). Because Ohio had always treated an attack on a release as an equitable action, not triable by jury, an action under the FELA attacking the validity of the release should have been found to be an equitable action, not triable by jury.
In Dice, the Court referred to Bombolis and said it might be applicable if Ohio had abolished jury trials in all negligence actions. However, the Court then turned around and stated that the right to a jury trial in FELA actions tried in state courts was not derived from the manner in which states handled local negligence actions:
"We have previously held that `The right to trial by jury is "a basic and fundamental feature of our system of federal jurisprudence and that it is `part and parcel of the remedy afforded railroad workers under the Employers' Liability Act.'"' Bailey v. Central Vermont R. Co., 319 U.S. 350, 354 [63 S.Ct. 1062, 1064, 87 L.Ed. 1444]. We also recognized in that case that to deprive railroad workers of the benefit of a jury trial where there is evidence to support negligence `is to take away a goodly portion *1098 of the relief which Congress has afforded them.' It follows that the right to trial by jury is too substantial a part of the rights accorded by the Act to permit it to be classified as a mere `local rule of procedure' for denial in the manner that Ohio has here used. Brown v. Western R. Co., 338 U.S. 294 [70 S.Ct. 105, 94 L.Ed. 100].
"The trial judge and the Ohio Supreme Court erred in holding that petitioner's rights were to be determined by Ohio law and in taking away petitioner's verdict when the issues of fraud had been submitted to the jury on conflicting evidence and determined in petitioner's favor."
Dice, 342 U.S. at 363, 72 S.Ct. at 315. The clear implication of this is that federal common law requires that jury trials be provided in FELA actions.
If federal law controls, then the question arises as to whether under federal law an attack on the validity of a consent judgment is equitable or legal in nature. First, there is a significant difference between consent judgments and releases:
"There are judicial pronouncements ... to the effect that a consent or related type of judgment does not have res judicata effect, but gets its binding force and effect from the parties' consent and is in the nature of a contract. These statements are not supportable. The consent judgment may raise special problems in connection with other matters, such as splitting an action and collateral estoppel. But the fact remains that the judgment is not an inter partes contract; the court is not properly a recorder of contracts, but is an organ of government constituted to make judicial decisions and when it has rendered a consent judgment it has made an adjudication."
1B J. Moore, J. Lucas & T. Currier, Moore's Federal Practice ¶ 0.409[5] (1982). An action to set aside a judgment invokes the equitable power of the court. Hazel-Atlas Glass Co. v. Hartford-Empire Co., 322 U.S. 238, 64 S.Ct. 997, 88 L.Ed. 1250 (1944). However, the question of the validity of the release, while it can be an equitable issue, can also be an issue at law. Radio Corp. of America v. Raytheon Manufacturing Co., 296 U.S. 459, 56 S.Ct. 297, 80 L.Ed. 327 (1935).
Therefore, assuming Dice is correct and that federal law controls as to whether the consent judgment was procured through fraud, federal law recognizes that an attack on a judgment is equitable in nature and therefore not triable by jury.
ALMON and EMBRY, JJ., concur.
NOTES
[1] This case was filed in the Circuit Court of Walker County, CV-80-02. The St. Louis-San Francisco Railway Company no longer exists. Burlington Northern Railroad Company is its successor corporation.