The following is part of the trial court's order:
 "Were it not for the Duckworth [v. Burlington Northern R.R., 470 So.2d 1094
(Ala. 1985),] decision, this Court would grant the J.N.O.V. This judgment, set aside by the jury, was a pro ami judgment in which a Circuit Judge, in open court, after a hearing, approved the settlement as being in the best interest of the then minor children of plaintiff, Nettie Duckworth. There was no contention, nor any evidence, that any fraud was committed on the Court. Consequently, the recent case of Large v. Hayes, 534 So.2d 1101 (Ala. 1988), would seem to conflict with the Duckworth case, unless there is also engrafted into the Large rationale, an F.E.L.A. exception under Dice v. Akron, Canton Youngstown Railroad Co., 342 U.S. 359
[72 S.Ct. 312, 96 L.Ed. 3981 (1952). Although it is not expressed in the Duckworth decision, it is presumed that the Court was aware that the judgment, subject to collateral attack before a jury, was in fact a pro ami judgment. It should be left to our Supreme Court to interpret this decision in light of Large, supra."
(Emphasis supplied.)
In Large, supra, a minor was represented by attorneys who obtained a personal injury settlement that was approved at a pro ami hearing; at the hearing, the attorney fee was set in accordance with the contingent fee contract entered into by the minor's parent and guardian. Later, the next friend of the minor brought an action to set aside the judgment that set the attorney fee. The trial court entered an order against the attorneys for $59,516 and forfeited all future monthly fees that the attorneys were to receive under the order entered in the pro ami hearing. In reversing, we wrote:
 "Even in cases involving injuries to minors, the civil court system must not be a carousel to be jumped on or off at the whim or fancy of dissatisfied litigants. There must be an ordered, formal, and final path from allegation of injury to adjudication of fact. Otherwise, the rights of plaintiffs and defendants would remain in flux and create a chaotic environment at odds with the very purposes of civil law."
534 So.2d at 1107.
The same should apply to the rights of minors. Therefore, I would reverse and *Page 769 
remand, for I am persuaded that the Large principle is applicable in this case. "There was no contention, nor any evidence, that any fraud was committed on the Court."
I dissent.
MADDOX, J., concurs.