J-S15040-20

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| ANTONIO SIERRA, PH.D. | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| | : | |
| JACK DANERI, MICHAEL CLARK, | : | No. 1647 WDA 2019 |
| TAMMY WHITE, SAMUEL KLINE, JOSH | : | |
| SHAPIRO, COMMONWEALTH OF | : | |
| PENNSYLVANIA | : | |

Appeal from the Order Entered October 15, 2019
In the Court of Common Pleas of Erie County Civil Division at No(s):  No.
12719-2019

BEFORE:   BENDER, P.J.E., OLSON, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY STEVENS, P.J.E.:                **FILED MARCH 20, 2020**

Appellant Antonio Sierra, Ph.D. (Appellant) appeals *pro se* from the Order entered in the Court of Common Pleas of Erie County on October 15, 2019, denying his serial petition filed pursuant to the Post Conviction Relief Act (PCRA)[1]. We affirm.

In September of 1998, following a jury trial in Lebanon County, Appellant was convicted of thirty-one (31) criminal counts, which arose from a brutal incident that occurred in a second floor apartment on Main Street,

---

[*] Former Justice specially assigned to the Superior Court.
[1] 42 Pa.C.S. §§ 9541-9546.

Anville, Pennsylvania, on November 4, 1997.[2] Appellant was sentenced in Lebanon County in 1998, and this Court affirmed his judgment of sentence in 1999. Appellant's appellate rights were reinstated on collateral attack in May of 2000. *See* Trial Court Opinion, filed August 10, 2000, at 1-2 (Court of Common Pleas of Lebanon County No. 1997-11239), attached as "Exhibit C" to PCRA.

In March of 2004, Appellant filed a Motion to Vacate and Set Aside Illegal Sentence and/or for Writ of Habeas Corpus, and the trial court denied the motions as untimely. Appellant fled an appeal with this Court in April of 2004, and in October of that year, we affirmed the trial court's Order. The Pennsylvania Supreme Court denied Appellant's Petition for Allowance of Appeal in April of 2005. Numerous motions followed, all of which were denied by the trial court of Lebanon County. Appellant's subsequent appeals to this Court and to the Pennsylvania Supreme Court were unsuccessful.

On October 3, 2019, Appellant filed the instant "Motion for Post Conviction Collateral Relief" in Erie County. Therein, he acknowledged that

---

[2] Appellant's thirty-one guilty counts were as follows: three (3) counts of Criminal Attempt to Commit Criminal Homicide; six (6) counts of Aggravated Assault; three (3) counts of Recklessly endangering Another Person; three (3) counts of Unlawful Restraint; three (3) counts of Arson Endangering Persons; three (3) counts of Theft by Unlawful taking, one (1) count of Criminal Attempt to Commit Theft by Unlawful Taking; eight (8) counts of Robbery and one (1) count of Criminal Conspiracy. *See* Trial Court Opinion, filed August 10, 2000, at 2 n. 1 (Court of Common Pleas of Lebanon County No. 1997-11239), attached as "Exhibit C" to PCRA.

while he filed his Petition more than a year after the "alleged date of final judgment" he claimed his failure to timely-file the petition was the result of governmental interference with correspondence addressed to him while he has been incarcerated between January and April of 2019. **See** PCRA petition, filed 10/3/19, at 2-3. He also makes numerous allegations pertaining to his trial. Specifically, he contends, as he had in earlier appeals, that prosecutors conceded attempted third degree murder is not a valid charge of which one can be convicted.

In its Order entered on October 15, 2019, the trial court denied Appellant's PCRA petition as he has not been convicted of any crimes in Erie County; thus, no basis exists for a PCRA petition there. The court noted that Appellant was aware he had not been convicted of a crime in Erie County and advised him "that he may face sanctions for any further abuse of the judicial process in Erie County in which he seeks relief related to his Lebanon County Criminal Convictions." **See** Order of Court, 10/15/19, at 1.

Appellant filed a timely Notice of Appeal *pro se* on November 4, 2019. On November 5, 2019, the trial court entered its Order pursuant to Pa.R.A.P. 1925(b), and Appellant filed his "Plaintiff's Concise Statement of Matters Complained of on Appeal" on November 22, 2019. That statement is comprised of ten, single-spaced pages which contain forty-five separately numbered paragraphs. In its Memorandum Opinion filed on December 4,

2019, the trial court found that Appellant's appeal lacked merit and should be dismissed for the reasons set forth in the October 15, 2019, Order.

In his brief, Appellant presents the following Statement of Questions:

1) Whether portions of the trial court[']s Order that denied subsequent P.C.R.A. and in forma pauperis is manifestly unreasonable when government interference with conditions of an illegal incarceration is within 9545(b)(1)(i), to timely assert process commencement on violation to Plaintiffs First, Fourth, Sixth and Fourteenth Amendment to the Constitution of the United States by Defendants unlawfully seized incoming privileged correspondence with no probable cause and where plaintiff represents an illegal charge as detaining him without due process of law and impeding due course of justice? -

2) Whether, portions of the trial courts assessment of 2016-2017 filings in the State Courts of Pennsylvania as alleged (now) constitutes prejudice, where said portions of facts (presumably judicially true), are previously unknown and Plaintiff exercise due diligence to bring these claims before the (present) Court satisfying 9545(b)(1)(ii) component and, ... As plaintiff disclose an unlawful attack by Defendants on Plaintiff[']s civil action through a known Order that was a 1925(a) Opinion, as brought to the Trial Courts attention, Yet; thereafter, continued to cause prejudice by alleging intentional misleading and confusing technical facts critical to evaluating Plaintiffs conduct when Defendants and this Court themselves did not address the misrepresented nature of the Order, not effects of said determination, -

3) Whether the trial court exercised a manifestly unreasonable judgment when, notwithstanding any of Defendants and such government statements to the contrary of the evidence placed to the P.C.R.A. petition on record, plaintiff is not imprisoned for any indictable offense in the Commonwealth of Pennsylvania, rather (a) Incarcerated on Attempt 3rd Degree Murder, a non -criminal charge and **Commonwealth** [hereinafter "Cmwlth"] **v. Lee**, 312 A.2d 391 (Pa. 1973); (b) Where the trial judge altered a jury verdict after said verdict was entered on the record as the Original verdict, and (inter alia), **Blakely v. Washington**, 542 US 296 (2004), and **Cmwlth v Dunn** 385 A.2d 1299 (Pa.1975); (c) where

- 4 -

a 1925(a) opinion entered by said trial judge to unlawfully vacate said jury verdict and on the record cause plaintiff prejudice and (inter alia), **Cmwlth v. Lobiondo** 462 A.2d 662, 665. n.4 (Pa. 1983), (d) where even against the jury verdict, those in government further altered documents, leaving a verdict without judgment (inter alia), **Smith v. MeCool**, 83 US 560, 561 (1873); (e) where a plea agreement rendered void by the evidence as submitted capable of revealing no judgment of Sentence and no judgment of commitment to cause prejudice as to Plaintiff where the contract being without notice or opportunity to contest for plaintiff is dissolved as unconstitutional, illegal and said suspended alleged conviction and sentence as void, binds no one as the law will not avail itself to be made lawful and (inter alia) **Miller v Alderhold**, 288 US 206, 210 (1933), and **Hill v. Ex Rel Wampler** 296 US 460, 465 (1936); (f) where evidence expose Attempt 3R Degree Murder without a Statute and therefore an unconstitutional law that is not a crime (inter alia) **Ex Parte Siebold** 100 US 371(1880), **Bond v U.S.** 564 US 211, 227 (2011)(per curiam); (g) where trial judge takes action beyond power conferred by law (its jurisdiction), renders action non-waveable, Void, a nullity and inter alia, **Hall v. Ames** 162 F. 1008 (CA.181. Cir. 1910), and **Cmwlth v. Hall**, 140 A. 626, 631 (Pa.1928); (h) where Defendants would be forced to agree issuing a Motion for Modification and (inter alia), **Cmwlth v. Isabell** 467 A.2d 1287 (Pa. 1983), (i) where plaintiff is required to file in custodial district as a matter of law, and **Jacobs v. Giroux**, 2015 U.S.Dist. LEXIS 82651 (US.DC.WD.PA), and **Brown v. Pa. D.O.C**, 81 A.3d 814 (Pa. 2018) -

4) Whether trial court erred in failing to issue restraining Order against all parties, immediately after plaintiff timely P.C.R.A. petition, where the facts as plead by plaintiff reveal a complete miscarriage of justice warranting judicial control over all immediate parties involved, rather than threaten sanction to plaintiff for entrusting life to the Administration of Justice ?

Appellant's Brief at 4-5.[3]

Prior to addressing Appellant's issues, we first must determine whether

we have jurisdiction over his PCRA petition. "The question of whether a

---

[3] The Commonwealth has not filed an appellate brief.

[PCRA] petition is timely [filed] raises a question of law. Where the petitioner raises questions of law, our standard of review is *de novo* and our scope of review [is] plenary." ***Commonwealth v. Brown***, 141 A.3d 491, 499 (Pa. Super. 2016). Any PCRA petition, including second and subsequent petitions, must either (1) be filed within one year of the judgment of sentence becoming final, or (2) plead and prove a timeliness exception. 42 Pa.C.S.A. § 9545(b). Furthermore, the petition "shall be filed within 60 days of the date the claim could have been presented." 42 Pa.C.S.A. § 9545(b)(2).[4]

"For purposes of [the PCRA], a judgment [of sentence] becomes final at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review." 42 Pa.C.S.A. § 9545(b)(3). Here, Appellant's judgment of sentence became final nearly twenty (20 Years ago; thus, Appellant's 2019 petition was facially untimely, and he was required to plead and prove an exception to the timeliness requirements. The exceptions provide as follows.

> (1) Any petition under this subchapter, including a second or subsequent petition, shall be filed within one year of the date the

---

[4] This subsection was recently amended, effective December 24, 2018, to extend the time for filing from 60 days of the date the claim could have been presented to one year. However, this amendment does not apply to Appellant's PCRA petition because it was filed prior to the amendment's effective date.

judgment becomes final, unless the petition alleges and the petitioner proves that:

> (i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;
> (ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or
>
> (iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S.A. § 9545(b)(1)(i-iii).

Herein, even had Appellant filed the instant PCRA petition in the proper lower court, as noted *supra*, he attempts to plead the governmental-interference exception in his PCRA petition based upon the alleged withholding of correspondence from him while in prison and previously raised challenges to aspects of his trial. However, he has not proven he is entitled to relief under that exception to the PCRA time-bar. To the contrary, both Appellant's concise statement of matters complained of on appeal and appellate brief fail to conform to the Pennsylvania Rules of Appellate procedure prevent and these deficiencies have prevented meaningful appellate review. As a result, Appellant has waived these claims.

This Court has explained:

Rule 1925 is a crucial component of the appellate process because it allows the trial court to identify and focus on those issues the

- 7 -

parties plan to raise on appeal. This Court has further explained that a Concise Statement which is too vague to allow the court to identify the issues raised on appeal is the functional equivalent to no Concise Statement at all.

*Tucker*, 939 A.2d at 346 (citations and quotation marks omitted).

Instantly, the ten-page, single spaced concise statement Appellant submitted is not sufficiently concise, contains numerous confusing and vague contentions, and fails to set forth coherently his issues to be raised on appeal. Accordingly, we deem all of Appellant's issues waived. *See, e.g., Jiricko v. Geico Ins. Co.*, 947 A.2d 206, 213 (Pa.Super. 2008) (holding that appellant had waived all of his issues on appeal for his failure to comply with Rule 1925(b), and stating that "while [a]ppellant's five-page [concise] statement can certainly be characterized as 'lengthy,' the crux of the problem is that the statement is an incoherent, confusing, redundant, defamatory rant[.]"); *see also Kovalev v. Sowell*, 839 A.2d 359, 367 n.7 (Pa.Super. 2003) (stating that "as a *pro se* litigant, [an appellant] is not entitled to any particular advantage because [ ]he lacks legal training." (citation and quotation marks omitted)).

In addition, it is axiomatic that appellate briefs must materially conform to the requirements of the Pennsylvania Rules of Appellate Procedure, and this Court may quash or dismiss an appeal if an appellant fails to comply with these requirements. *See* Pa.R.A.P. 2101. "[W]here an appellate brief fails to provide any discussion of a claim with citation to relevant authority or fails to develop the issue in any other meaningful fashion capable of review, that claim

is waived." ***Commonwealth v. Johnson***, 985 A.2d 915, 924 (Pa. 2009), *cert. denied*, 562 U.S. 906 (2010) (citations omitted). In addition, "although this Court is willing to construe liberally materials filed by a *pro se* litigant, *pro se* status generally confers no special benefit upon an appellant." ***Commonwealth v. Lyons***, 833 A.2d 245, 251–52 (Pa.Super. 2003), *appeal denied*, 879 A.2d 782 (Pa. 2005) (citation omitted). Accordingly, a *pro se* litigant must comply with our procedural rules. ***See id.***

Herein, Appellant's brief falls well below the minimum standards delineated in the Pennsylvania Rules of Appellate Procedure. For one, the argument section of Appellant's brief is not divided into sections addressing each of the four issues he lists in his statement of questions involved. Pa.R.A.P. 2116(a), 2119(a). Also, the brief contains irrelevant citation to the record, and fails to discuss cogently the facts of this case as they relate to relevant legal authority. Pa.R.A.P. 2119(a)–(c).

Moreover, like his concise statement of matters on appeal, Appellant's brief is rambling and nearly unintelligible. Therein, Appellant discusses a myriad of issues most of which do not pertain to the questions before us and attempts to relitigate claims this Court previously determined lack merit either on direct appeal or in prior appeals on collateral review. Thus, even if we liberally construe the materials Appellant filed, including his concise statement, the lack of pertinent legal argument and other substantial defects in his appellate brief preclude us from conducting meaningful review. ***See***

Pa.R.A.P. 2101; *see also Johnson*, *supra* at 924. Accordingly, we affirm the trial Court's October 15, 2019, Order, albeit for a different reason.[5]

Appellant also filed with this Court a "Petition to Enforce Judgment", and an "Application for Reconsideration to Bail" on March 4, 2020. "An issue before a court is moot if in ruling upon the issue the court cannot enter an order that has any legal force or effect." *Selective Way Ins. Co. v. Hosp. Grp. Servs., Inc.*, 119 A.3d 1035, 1040 (Pa.Super. 2015) (citation omitted). In light of our foregoing disposition, we decline to address these motions, and they are dismissed as moot.

Order affirmed. Petition to Enforce Judgment and Application for Reconsideration to Bail dismissed as moot. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 3/20/2020

---

[5] "It is well-settled that we may affirm the trial court's order on any valid basis." *Seneca Res. Corp. v. S&T Bank*, 122 A.3d 374, 387 (citation omitted).