### GRUSKIN v. NEW YORK LIFE INS. CO.
Civ. A. No. 222.

District Court, W. D. Pennsylvania.
Oct. 11, 1939.

Harry A. Heilman and Kountz & Fry, all of Pittsburgh, Pa., for plaintiff.

Smith, Buchanan & Ingersoll and William H. Eckert, all of Pittsburgh, Pa., for defendant.

GIBSON, District Judge.

The above entitled case was transferred from a Pennsylvania State Court. The plaintiff's reply, the last pleading, was filed on March 1, 1939. No demand for a jury trial was made, but on May 10, 1939, more than two months after the last pleading, plaintiff's counsel presented a motion for an order placing the case upon the Jury Trial List. The inadvertence of counsel was alleged as the cause of the delay in the demand, the inadvertence being due largely to the fact that the action had been begun in a State Court in which the right of trial by jury existed without demand therefor.

Rule 38(b) of the Federal Rules of Civil Procedure, 28 U.S.C.A. following section 723c, provides that the demand for jury trial must be made "not later than 10 days after the service of the last pleading directed to such issue." But Rule 6(b) (2) of the same rules authorizes the court, for cause shown, at any time within its discretion, to permit any period of time prescribed by the Rules to be enlarged where the failure was the result of excusable neglect.

The delay in the instant case was such as to preclude the court from exercising its discretion in favor of the motion under ordinary circumstances. However, the Federal Rules had not been in operation for a long period when the action was brought, and many were not familiar with all their requirements and did not realize that they would replace the State Rules of Procedure in a removed case. Having these facts in mind the court will allow the motion. In the future it cannot allow the like elasticity to its discretion, as otherwise the rule would be a nullity.