SUFFIN v. SPRINGER et al.

District Court, S. D. New York.

April 3, 1940.

Isidor Glasgal, of New York City, for plaintiff.

Austrian & Lance, of New York City, for defendants.

HULBERT, District Judge.

Plaintiff seeks an order directing that the issues as set forth in the third cause of action alleged in the complaint and in the fourth separate defense alleged in the answer be submitted to a jury in advance of the trial of the remaining issues.

■ No demand for a jury trial was served as provided in Rule 38, F.R.C.P., 28 U.S.C.A. following section 723c, and was therefore waived as a matter of right, but authority is given under Rules 42(b) and 39 (b.) when the right has been waived. It is, however, wholly a matter of discretion.

The action was commenced February 8, 1940. The complaint purports to set forth three causes of action:

1. For an accounting based upon an alleged agreement made and entered into August 30, 1933. (It does not appear whether the agreement was oral or in writing but the defendants plead the Statute of Frauds and also the Statute of Limitations.)

2. For conversion, and

3. To rescind a settlement between the parties and vacate and set aside a release executed by plaintiff as a part thereof.

The allegations of the first cause of action are re-alleged as part of the second cause of action, and the allegations of both are re-alleged as part of the third cause of action.

Plaintiff proposes the following question for the jury's determination: "Was the release dated May 31, 1938, signed by the plaintiff obtained by fraud, misrepresentation and concealment?"

■ There is no reason given why the court should not be as well able to decide that question as a jury. From an examination of the pleadings it is difficult to perceive how this issue can be heard and passed upon without the introduction of proof pertinent to other issues and, in my opinion, could not but result in confusing a jury, especially if the court rigidly held the proof to the issue framed. Motion denied. Settle order.