**HARGREAVES v. ROXY THEATRE, Inc.**

District Court, S. D. New York.

Oct. 7, 1940.

Wolf & Kohn, of New York City, for plaintiff.

Robert E. Curran, of New York City, for defendant.

HULBERT, District Judge.

Plaintiff moves for an order under Rule 39(b), Federal Rules of Civil Procedure, 28 U.S.C.A. following section 723c, for a trial by jury of the issues in this action and directing that the action be transferred to and placed on the jury calendar.

The action is to recover damages for personal injuries alleged to have been sustained by reason of the defendant's negligence. Issue was joined by the filing of defendant's answer on August 29, 1940 and the clerk thereupon placed the action on the nonjury calendar.

The right of trial by jury as declared by the Seventh Amendment to the Constitution or as given by a statute of the United States is preserved by Rule 38, Federal Rules of Civil Procedure, which, however, requires service of "a demand therefor in writing at any time after the commencement of the action and not later than 10 days after the service of the last pleading". In addition thereto, Rule 39 (b) invests a discretionary power in the court.

The attorney for the plaintiff states in his moving affidavit, verified September 20, 1940, that he learned for the first time, on that date that neither the plaintiff nor the defendant had demanded a jury trial as provided in Rule 38 (b), Federal Rules of Civil Procedure, although he had given directions that such demand should be timely made.

The fact that Rule 6 (b) (2) permits the act to be done after the expiration of the specified period where the failure to act was the result of excusable neglect, further indicates that in the adpotion and promulgation of the New Rules, the Supreme Court intended that the rigid provisions of Rule 38 (b) might be relaxed upon a proper showing, in the discretion of the court, and it appears to be the intent and practice to construe the provisions of the Rules to render substantial justice.

Civil actions to recover damages for alleged negligence are invariably tried by the court to a jury.

The plaintiff's time to serve a demand under Rule 38 (b) did not ex-

pire until ten days from the service of the answer. The defendant's answer was served by mail on August 28, 1940. In some jurisdictions service by mail doubles the time; in others, the time is extended for a given number of days. Rule 6 (e), Federal Rules of Civil Practice, adds three days to the prescribed period. It does not appear that the defendant has suffered, or will suffer, any prejudice or the loss of any substantive right and the court should not be too prone to deprive a litigant of a trial by jury because of an error or omission on the part of the agent of her attorney to whom she has entrusted her case; where the act or omission is excusable.

Upon the particular facts in this case the motion will be granted.