**STEWART-WARNER CORPORATION v. STALEY.**

**No. 3342.**

District Court, W. D. Pennsylvania.

July 13, 1942.

See, also, 42 F.Supp. 140; 2 F.R.D. 199.

Smith, Buchanan & Ingersoll, of Pittsburgh, Pa., and Williams, Bradbury & Hinkle, of Chicago, Ill., for plaintiff.

Reed, Smith, Shaw & McClay of Pittsburgh, Pa., and Leonard L. Kalish, of Philadelphia, Pa., for defendant.

SCHOONMAKER, District Judge.

On October 6, 1937, plaintiff filed a bill of complaint in equity charging Universal Lubricating Systems, Inc., with infringement of Zerk Patent No. 1,676,626, and seeking injunctive relief, and an accounting of damages and profits accruing by reason of such alleged infringement. Issue was joined on this bill of complaint by defendant's answer filed December 6, 1937.

The proposed amended complaint charges defendant with infringement of this Zerk patent, but omits the prayer for an injunction and an accounting, merely asking for a judgment for $4,500 damages on account of the alleged infringement. In this proposed amended complaint plaintiff demands a jury trial. The plaintiff was not entitled to a jury trial on the issues raised by the complaint, and answer, as originally filed in 1937.

 The evident purpose for amending its complaint is merely an attempt on the part of the plaintiff to secure a jury trial to which it was not entitled in the action as originally brought. If we were to apply Rule 38 (b) of the Federal Rules of Civil Procedure, 28 U.S.C.A. following section 723c, in this case (not in force when this action was brought), the plaintiff's demand for a jury trial is too late, not having made its demand therefor in writing within ten days after the service of the last pleading directed to the issue of patent infringement. The issues involved in the ordinary patent suit are such that we would not ordinarily avail ourselves of the provisions of Rule 38 (b) to order a jury trial on those issues.

The plaintiff suggests that in view of the fact that the defendant has filed a counterclaim charging plaintiff with violations of the anti-trust laws and demanding a jury trial on that counterclaim, both issues might properly be tried before the same jury. With that suggestion we cannot agree. The issues are different and the facts that would be involved in each issue are so complicated that, in our opinion, the two issues should not be tried before the same jury.

In our view, the plaintiff's attempt to convert this action into a jury action comes too late; and its motion to file an amended complaint will be denied. An order may be submitted accordingly.