**STATE OF DELAWARE, for Use of GENERAL CRUSHED STONE CO., v. MASSACHUSETTS BONDING & INSURANCE CO. (McDERMOTT, Intervenor).**

No. 246.

District Court, D. Delaware.

Aug. 27, 1942.

On Reargument Oct. 6, 1942.

See, also, 49 F.Supp. 467.

Hugh M. Morris and Edwin D. Steel, Jr. (of Morris, Steel, Nichols & Arsht), both of Wilmington, Del., for plaintiff.

Frederick P. Whitney, of Georgetown, Del., for defendants.

LEAHY, District Judge.

The case was at issue on March 20, 1942, and ready to be placed on the trial calendar. No demand for jury trial was made as required by Rule 38(b) of the Federal Rules of Civil Procedure, 28 U.S.C.A. following section 723c.[1]

By their present motion, filed June 1, 1942, defendants urge that, notwithstanding no timely demand for jury trial was made, the Court, in the exercise of its discretion, should in effect grant a jury trial by submitting all the issues in the case to a jury, pursuant to Rule 39(b) of the Rules of Civil Procedure.[2] The reasons in support of the motion are: (1) the issues are issues of fact which should properly be left with a jury; and (2) the failure to request a trial by jury under Rule 38(b) was due to counsel's unfamiliarity with the rule.

It appears that defendants' counsel practices in a small community in one of the lower counties in this District, has never had a case in this Court, and was unfamiliar with the Federal Rules of Civil Procedure. To those lawyers who practice in the urban communities and who are actively engaged in litigation in the Federal District Courts, it may seem inexplicable that a practitioner would not have become familiar with the new rules since their promulgation on September 1, 1938, but such appears to be the fact with respect to defendants' counsel.

■ Rule 39 (b) obviously gives the Court discretionary power to submit any or all issues to a jury even though the party can no longer demand a jury trial as of right. The rule is one which permits relief against a waiver. 3 Moore's Federal Practice, p. 3030; 2 Edmunds Federal Rules of Civil Procedure, p. 1181. The courts have not hesitated to submit all issues to a jury under circumstances somewhat similar to those here present. Arnold v. Trans-American Freight Line, Inc., D.C., 1 F.R.D. 380; Campbell v. American Fabrics Co., D.C., 1 F.R.D. 502; Peterson v. Southern Pacific Co., D.C., 31 F.Supp. 29; Hargreaves v. Roxy Theatre, Inc., D.C., 1 F.R.D. 537. In cases where application for jury trial under Rule 39 (b) was refused, it appears there was some reason for the denial in addition to the waiver by failure to make demand pursuant to Rule 38 (b).[3]

---

[1] "Any party may demand a trial by jury of any issue triable of right by a jury by serving upon the other parties a demand therefor in writing at any time after the commencement of the action and not later than 10 days after the service of the last pleading directed to such issue. Such demand may be indorsed upon a pleading of the party."

[2] "Issues not demanded for trial by jury as provided in Rule 38 shall be tried by the court; but, notwithstanding the failure of a party to demand a jury in an action in which such a demand might have been made of right, the court in its discretion upon motion may order a trial by a jury of any or all issues."

[3] In Suffin v. Springer, D.C., 1 F.R.D. 245, the court denied the motion on the ground that the evidence was such as would probably confuse the jury. The court in Shafer v. Richmond Ins. Co., D.C., 2 F.R.D. 38, held that the issues did not necessitate a jury trial; and in

Plaintiff, in opposing the present motion, relies mainly on Krussman v. Omaha Woodmen Life Ins. Soc., D.C., 2 F.R.D. 3. I am in agreement with the statement of the court in that case that the exercise of discretion contemplated by Rule 39 (b) must be based upon circumstances warranting its exercise lest discretion become the mere arbitrary act of the court. But with plaintiff's conclusion that the granting of the present motion would serve as a precedent for the granting of similar motions in all subsequent cases and would deprive litigants of the right to a trial by the court accorded by Rule 38 (b) where there has been a waiver, I cannot agree. Each application under Rule 39 (b) must be examined in the light of the particular fact of the case.

It is my opinion that the facts of this case are such as to warrant the court's overlooking defendants' waiver. We are not dealing here with the mere neglect or oversight of counsel, as were the courts in the cases heretofore referred to.[4] On the contrary, counsel quite frankly states that he failed to file his motion within the time prescribed by the Rule because he was wholly unfamiliar with the new Rules. A somewhat similar situation was before a district court in this circuit in the case of Gruskin v. New York Life Ins. Co.. D.C., 1 F.R.D. 22, 23. There the court allowed a jury trial despite a tardy application where counsel had failed to familiarize himself with the new Rules a year after their promulgation. The fact that the new Rules have been in existence a much longer time in the instant case simply raises a question of degree which is resolved by considerations of the geographical location of the practice of defendants' counsel.

Moreover, there are additional circumstances which warrant the granting of the present motion. The determination of this cause will depend primarily upon the resolution of a question of fact as to whether the written contract on which the cause of action is based was modified by a later parol agreement. Then too, the extent of damages as claimed either by plaintiff in the complaint or by defendants in the counterclaim is a question of fact. This is, in short, a case in which defendants should not lightly be deprived of their right to a jury trial.

After viewing all the circumstances, and especially the nature of the case, I think the motion should be granted. However, I adopt Judge Gibson's words of caution in the Gruskin case, supra: "In the future it [the court] cannot allow the like elasticity to its discretion, as otherwise the rule would be a nullity."

### On Reargument.

After the filing of the opinion in this case on August 27, 1942, plaintiff's attorney moved for reargument, pointing out that the record's of this Court show: (1) On January 27, 1942 (prior to the filing of any responsive pleading), an appearance was entered on behalf of defendants by John J. Morris, Jr., of the firm of Hering, Morris, James & Hitchens, one of the well-known law firms of Wilmington; (2) on March 9, 1942, defendant's answer was filed signed by Messrs. Whitney and Morris; (3) on June 1, 1942, the motion for a jury trial filed on behalf of defendants was signed by Mr. Morris alone; and (4) the brief filed by defendants in support of their motion for jury trial was signed by both counsel.

In the light of these facts, which were not called to my attention and frankly escaped me before, the reasons for the granting of the jury trial, as disclosed in the foregoing opinion, are no longer cogent, and the basic facts upon which I based my discretion have changed their hue. Instead of applying Gruskin v. New York Life Insurance Company, D.C., 1 F.R.D. 22, 23, I think Krussman v. Omaha Woodmen Life Insurance Company, D.C., 2 F.R.D. 3, comes closer to the situation here. In short, in view of the new facts I have little, if anything, upon which to base an exercise of discretion in relieving defendants' waiver of a trial by jury. Hence, their motion for jury trial is denied.

Let an order be submitted.

---

Plack v. Baumer, D.C., 1 F.R.D. 136 where the motion was not made until nine months after the case was at issue, the court held that the issues were so complex that the case could probably be better tried by the court.

[4] See footnote 3.