## REEVES v. PENNSYLVANIA R. CO.
### Civ. A. No. 1129.

United States District Court
D. Delaware.
Oct. 27, 1949.

See, also, D.C., 8 F.R.D. 616.

James R. Morford and Edward W. Cooch, Jr. (Marvel & Morford), of Wilmington, Del., for plaintiff.

William S. Potter and James L. Latchum (Southerland, Berl & Potter), of Wilmington, Del., for defendant.

RODNEY, District Judge.

This is an action instituted to recover damages for alleged personal injuries. The action was originally commenced by filing a complaint on May 11, 1948 in the Superior Court of the State of Delaware in and for New Castle County. On May 28, 1948 the cause was removed to this court. Paragraph 4 of the complaint contained allegations of the defendant's negligent operation of a railroad train whereby the plain-

tiff was injured. It alleged, generally, that the defendant by sudden, unusual and jerking motions in bringing the train to a stop caused the injuries. The defendant answered June 24, 1948 denying the allegations of Paragraph 4. About a year later, on May 26, 1949, the plaintiff, by leave, amended her complaint by striking out Paragraph 4 and inserting a new paragraph in lieu thereof. The plaintiff, within ten days after filing the amendment, filed a demand for jury trial. The defendant promptly filed an answer to the amended complaint and moved to expunge the demand for jury trial. The plaintiff on October 11, 1949, as an alternative to her demand for a jury trial, filed a motion that the court exercise its discretion under Rule 39(b), Federal Rules of Civil Procedure, 28 U.S.C.A., and direct trial of the issues of the case by a jury.

Two questions are thus presented: (1) Is plaintiff entitled to a jury trial as a matter of right under Rule 38(b), or, if not, (2) Should the court as a matter of discretion order a jury trial under Rule 39(b)?

Preliminarily to a determination of the first question, the nature of the amendment made to the complaint must be considered. Different reasoning must apply where the amendment introduces new issues to be tried as distinguished from an amendment which merely changes the language of the former averment with no change of substance and, perchance, made for the mere purpose of being a basis for a request for jury trial. An inspection of the original complaint and the amendment here involved convinces me that no new issues are involved. It is true that the original complaint may have been filed with re-

lation to the principle of res ipsa loquitur and the amendment is a more detailed statement of the acts of negligence charged by the plaintiff upon the defendant. The issue presented by both pleadings, however, is the same, viz., whether the plaintiff was injured as a result of the defendant's negligent operation of its railroad train at the time and place complained of.

1. The authorities are uniform that when a plaintiff has waived a jury trial and subsequently files an amendment to the complaint which does not change the nature of the case or introduce new issues, such amendment does not entitle the plaintiff to demand a jury trial as a matter of right and over objection, pursuant to Rule 38(b). I have found no case to the contrary. Some authorities are listed in the footnote.[1]

The motion of defendant to expunge the demand of plaintiff for a jury trial as a matter of right under Rule 38(b) must be granted.

2. Should the request of the plaintiff for a jury trial be granted under Rule 39(b) as a matter of judicial discretion?

This court in a number of cases has had occasion to consider the pertinent rule. Container Co. v. Carpenter Container Corp., D.C., 9 F.R.D. 261; Canister Co. v. National Can Corp., D.C., 8 F.R.D. 408; State of Delaware v. Massachusetts Bonding and Insurance Co., D.C., 3 F.R.D. 65. In these, as well as the cases cited in the footnote,[2] it is explicit or implicit that a jury trial should not be granted under the discretionary power of the court under Rule 39(b) unless some adequate or proper reason be assigned to invoke such dis-

---

1. Waldo Theatre Corp. v. Dondis, D.C., 1 F.R.D. 685; Mealy v. Fidelity National Bank in New York, D.C., 2 F.R.D. 339; Stewart-Warner Corp. v. Staley, D.C., 2 F.R.D. 446; Sterling Products Corp. v. Sterling Drug Inc.,*; Munkacsy v. Warner Bros. Pictures, Inc., D.C., 2 F.R.D. 380; Roth v. Hyer, 5 Cir., 142 F. 2d 227. Lader v. Dahlberg, D.C., 2 F.R.D. 49, involved the right of a defendant to a jury trial after amendment to a complaint, and Mack v. 48 Vesey Street Corp., D.C., 7 F.R.D. 487, involved the right of a plaintiff to a jury trial after an amendment to an answer.

2. Foch Estates, Inc., v. McDonald, D.C., 1 F.R.D. 506; Milstein v. Edward Small Productions, Inc., D.C., 3 F.R.D. 45; Arnold v. Chicago, Burlington & Quincy Ry. Co., D.C., 7 F.R.D. 678; Steiger v. Mullaney, D.C., 8 F.R.D. 486; Krussman v. Omaha Woodmen Life Ins. Soc., D.C., 2 F.R.D. 3.

cretionary power. The discretion vested in the court is not an arbitrary or capricious prerogative of the court but must mean the exercise of mind upon the given facts both for and against the application. It has been said that discretion in a legal sense is "the responsible exercise of official conscience on all the facts of a particular situation in the light of the purpose for which the power exists."[3] In the present case there are no facts whatever alleged for the granting of the motion. There is nothing but the mere motion itself. There is no incident or fact calling for the exercise of discretion. Under such circumstances the motion of the defendant to deny the application for jury trial must be granted lest, as Judge Leahy said in the Canister case, supra [8 F.R.D. 409], "discretion become the mere arbitrary act of the Court."

3. Bowles v. Goebel, 8 Cir., 151 F.2d 671, 674.