SUPPLIES, INCORPORATED, a Pennsylvania corporation, Plaintiff,

v.

The AETNA CASUALTY AND SURETY COMPANY, a Connecticut corporation, Defendant.

Civ. A. No. 12971.

United States District Court
W. D. Pennsylvania.

Oct. 26, 1955.

Dickie, McCamey, Chilcote, Reif & Robinson, Pittsburgh, Pa., for plaintiff.

John M. Reed, Pittsburgh, Pa., for defendant.

McILVAINE, District Judge.

This case involves a motion under Rule 39 of the Federal Rules of Civil Procedure, 28 U.S.C., filed by the plaintiff in which the plaintiff asks for a jury trial. In the original complaint filed on December 30, 1954, the plaintiff alleges the cause of action on an insurance policy and seeks to recover in this action for the failure of the defendant to pay for losses plaintiff claims to have sustained due to the dishonest and fraudulent acts of certain of its employees. Defendant denied liability, and inasmuch as no demand was made for a jury trial the case was assigned for non-jury trial in accordance with the normal court procedure.

On August 8, 1955, the case was listed for trial before this court. It appears that on or about September 7, 1955, plaintiff's attorney advised the defendant's attorney that he would present a motion for a jury trial. On September 17, 1955, this case was listed for pre-trial on September 29, 1955. On September 22, the motion for jury trial was filed and argument for same was held on September 29, 1955.

At the time of the argument it was developed that the suit was filed by Attorney Randall J. McConnell of the law firm of Dickie, McCamey, Chilcote, Reif and Robinson. This case was assigned to Mr. McConnell, a younger associate in the firm, by Mr. Reif. Mr. McConnell stated that he was directed to secure a jury trial and further stated that this was the first and only occasion that he had ever filed an action on behalf of a plaintiff in Federal court. He admitted that he did not expressly request a jury trial and stated that this was due to inadvertence on his part.

It appeared that Mr. McConnell first learned of his omission when this case was listed for non-jury trial, and when Mr. Reif returned to his office following his summer vacation Mr. McConnell discussed the problem with Mr. Reif. This was on or about September 7, 1955, and at this time Mr. McConnell advised the defense attorney of his intention to ask for a jury trial.

It also appeared to the court that the actual attorney for the plaintiff, herein, was Ernest C. Reif and that Mr. McConnell was merely assisting Mr. Reif. The situation in effect narrows down to one issue—should the plaintiff and his real attorney be penalized by the inadvertent omission of a young associate counsel who was filing his first and only case in behalf of a plaintiff in Federal court, especially in the light of statement by defendant's counsel that they would not be prejudiced or lose any substantive right in having a trial by jury? See Peterson v. Southern Pacific Company, D.C.S.D.Cal.1940, 31 F.Supp. 29.

The Rules are designed to achieve substantial justice. The court has discretion to relax the time requirement for demanding a jury trial and on motion to grant a jury trial to a party

**228**

who has waived it by failing to make a timely demand.

If the issue is one which normally should be tried by a jury, there is nothing in the Rules to limit the court's discretion in enlisting the aid of a jury. See 2 Barron and Holtzoff, Federal Practice and Procedure, § 892.

While technical insistence upon imposing a penalty for default by denying a jury trial is not in the spirit of the Rules, nevertheless, the court should find some special circumstance excusing the oversight of making a timely demand.

Even though the right of trial by jury is a basic and fundamental feature of our system of Federal jurisprudence, nevertheless, mere negligence in demanding a jury trial by a plaintiff or defendant is not enough to excuse the need for a timely demand. While Rule 39 of the Federal Rules of Civil Procedure gives the court wide discretion in awarding a jury trial even though no demand is made, to grant such trial without reason would seem to this court to completely nullify Rule 38.

While the court is of the opinion that the discretion vested by Rule 39 is not an arbitrary or capricious prerogative nor is a mere unexplained "oversight" enough to cure the omission to request a jury trial, nevertheless, the courts have stated that excusable mistake or inadvertence should excuse the oversight.

In Paper Stylists, Inc., v. Fitchburg Paper Company, D.C.N.D.N.Y.1949, 9 F.R.D. 4, 5, the court stated:

> "Mistake, error, omission or inadvertence should be corrected in instances where reasonable explanations are presented and where important rights may be destroyed."

Again in the case of Hargreaves v. Roxy Theatre, Inc., D.C.S.D.N.Y.1940, 1 F.R.D. 537, 538, it is stated:

> "It does not appear that the defendant has suffered, or will suffer, any prejudice or loss of any substantive right and the court should not be too prone to deprive a litigant of a trial by jury because of an error or omission on the part of the agent of her attorney to whom she had entrusted her case; where the act or omission is excusable."

The United States Court of Appeals for the Third Circuit appears to have given approval to this doctrine indirectly in the case of William Goldman Theatres, Inc. v. Kirkpatrick, 3 Cir. 1946, 154 F.2d 66, 69. Judge Biggs in speaking for the court in upholding the discretion of a district judge in refusing a jury trial stated:

> "It is not alleged that the plaintiff's delay in requesting a jury trial was caused by inadvertence or mistake."

In the light of all the facts, we think that the court in the exercise of its discretion should grant the motion for a jury trial.