Robinette L. COATES et al., Plaintiffs,

v.

UNION OIL COMPANY OF CALIFOR-
NIA, a corporation, Defendant.

Civ. A. No. 5836.

United States District Court
D. Colorado.

July 9, 1959.

Gorsuch, Kirgis, Campbell, Walker &
Grover, Fred A. Deering, Jr., and Ray-
mond Cobb Johnson, Denver, Colo., for
plaintiffs.

Akolt, Turnquist, Shepherd & Dick,
John P. Akolt, Edward G. Taylor, and
Robert A. Dick, Denver, Colo., and Allyn
Cole, Glenwood Springs, Colo., for de-
fendant.

ARRAJ, District Judge.

This matter is before the Court upon
defendant's motion to strike plaintiffs'
demand for jury trial. The precise ques-
tion to be determined is whether plain-
tiffs filed their demand for a jury trial
within the time prescribed by the Fed-
eral Rules of Civil Procedure.

Plaintiffs are adverse claimants to defendant, who had filed an application for a patent on lands covered by certain mining claims. In accordance with 30 U.S.C.A. § 30, plaintiffs filed their complaint in this Court on October 30, 1957. Among other things, the plaintiffs alleged that the defendant was in possession of the land and prayed that they recover possession.

The defendant filed its answer on November 19, 1957. On January 6, 1959, at the pre-trial conference, plaintiffs amended their complaint to change the allegation that defendant was in possession to an allegation that the defendant wrongfully and unlawfully claims possession of the land within the mining claims. And the plaintiffs further amended their complaint by deleting the prayer that they recover possession. The defendant filed its answer to the amended complaint on January 15, 1959. On January 20, 1959, the plaintiffs filed their first demand for a jury trial.

■■ The purpose of an action under 30 U.S.C.A. § 30 is to determine which party is entitled to possession of the land in dispute. Clipper Mining Co. v. Eli Mining & Land Co., 1904, 194 U.S. 220, 24 S.Ct. 632, 48 L.Ed. 944; Perego v. Dodge, 1896, 163 U.S. 160, 16 S.Ct. 971, 41 L.Ed. 113. This issue was raised in the original complaint, and the original answer was the last pleading directed to that issue. Under Rule 38(b) of the Federal Rules of Civil Procedure, 28 U.S.C.A., the parties had ten days from the filing of the original answer to demand a jury trial. Since neither party filed a demand within that time, the right to a jury trial has been waived. Rule 38(d) of the Federal Rules of Civil Procedure; American Fidelity & Casualty Co. v. All American Bus Lines, 1951, 10 Cir., 190 F.2d 234, certiorari denied 342 U.S. 851, 72 S.Ct. 79, 96 L.Ed. 642.

■ The fact that the complaint was amended and a demand for a jury trial was filed within ten days after the answer to the amended complaint was filed does not vitiate the waiver. The reason being that the time within which a demand may be made is not extended by an amendment that raises no new issues. Reeves v. Pennsylvania R. Co., D.C.Del. 1949, 9 F.R.D. 487. Here the amended complaint contained the same issue stated in the original complaint—that issue being: Who is entitled to possession of the land covered by the mining claims?

■ If the original complaint had contained an equitable issue and if the amended complaint had changed it to a legal issue, then there is authority to the effect that the time within which to demand a jury trial would be extended. Bereslavsky v. Kloeb, 6 Cir., 1947, 162 F.2d 862, certiorari denied 332 U.S. 816, 68 S.Ct. 156, 92 L.Ed. 393; Bereslavsky v. Caffey, 2 Cir., 1947, 161 F.2d 499, certiorari denied 332 U.S. 770, 68 S.Ct. 82, 92 L.Ed. 355; Glauber v. Agee Department Stores, D.C.W.D.Ky.1940, 1 F.R.D. 137. Contra Stewart-Warner Corp. v. Staley, D.C.W.D.Pa.1942, 2 F.R.D. 446. However, that situation does not obtain in the instant case and consequently, there is no need to consider the proposition here. In the original complaint, the plaintiffs alleged that the defendant had ousted them from possession and that the defendant was in possession of the land. Clearly, that form of action was in the nature of ejectment. Perego v. Dodge, 1896, 163 U.S. 160, 16 S.Ct. 971, McMullin v. Magnuson, 1938, 102 Colo. 230, 78 P.2d 964. In the amended complaint, the plaintiffs allege that the defendant wrongfully and unlawfully *claims* possession. They do not allege that they are in possession of the land. Thus the import of the amended complaint is that neither party is in possession. In that situation the form of the action appears to be equitable. See Humble Oil & Refining Co. v. Sun Oil Co., 5 Cir., 1951, 191 F.2d 705, certiorari denied 342 U.S. 920, 72 S.Ct. 367, 96 L.Ed. 687. And the plaintiffs would not be entitled to a jury trial on an equitable issue. It is therefore

Ordered that the defendant's motion to strike plaintiffs' demand for a jury trial be, and the same hereby is, granted.

Upon the contingency that the defendant's motion is granted, the plaintiffs moved this Court to exercise its discretion and Order a jury trial under Rule 39(b) of the Federal Rules of Civil Procedure. From the pleadings, it appears, although this Court does not now rule, that all the issues are equitable. Therefore, a jury trial could not be ordered under Rule 39(b). In any event, the Court feels that it has not been shown any proper reason for so exercising its discretion. See Reeves v. Pennsylvania R. Co., 1949, Del. 9 F.R.D. 487. It is therefore,

Ordered that plaintiffs' motion for a jury trial under Rule 39(b) be, and the same is hereby, denied.

Inasmuch as this case may be tried before another judge, it is not the intention of this Court in any way to preclude an Order in the future for a jury trial under Rule 39(b), or for an advisory jury under Rule 39(c).