**NEW HAMPSHIRE FIRE INSURANCE COMPANY, a corporation of the State of New Hampshire, Plaintiff,**

v.

**T. H. Dudley PERKINS, Defendant.**

**Civ. A. No. 2322.**

United States District Court
D. Delaware.

Oct. 16, 1961.

Henry R. Horsey, Berl, Potter & Anderson, Wilmington, Del., William A. Fisher, Jr., Semmes, Bowen & Semmes, Baltimore, Md., for plaintiff.

David Snellenburg, II, Killoran & Van Brunt, Wilmington, Del., for defendant.

RODNEY, Senior District Judge.

This is an action growing out of the execution by the plaintiff of four several performance bonds as surety of W. E. Dunn Construction Company on certain contracts in Maryland and Delaware for the construction of certain bridges and roads. It is alleged in the complaint filed April 11, 1961 that the present defendant, T. H. Dudley Perkins, was a director and stockholder of W. E. Dunn Construction Company, the contractor upon whose bonds the plaintiff was surety; that the defendant Perkins as an individual agreed to indemnify the plaintiff as surety on the bonds for all loss caused by the default or neglect of the contractor; that loss occurred which was paid by the surety and this action is based upon the alleged contract of indemnity.

The answer was filed April 25, 1961 denying that the defendant signed the indemnity agreement in his individual capacity but merely as an officer of a contracting company and alleged in general terms that any personal or individual inclusion of the defendant was a result of the fraud of the agent.

No request for a jury trial was indicated in or by the answer or otherwise at the time.

On May 24, 1961 and pursuant to prior notice, three depositions were taken by defendant and one by the plaintiff.

On May 27 the defendant moved to delete the fourth affirmative defense (Section 21) and to enter a substitution therefor. The original fourth affirmative defense was in these words:

"21. W. E. Dunn Construction Co., Inc., aforesaid, has certain set-offs and/or counter-claims against plaintiff for faulty and defective per-

formance by the latter of said construction contract."

The requested substitution was:

"21. W. E. Dunn Construction Co., Inc., aforesaid, has certain set-offs and/or counterclaims on account of faulty and defective performance by certain subcontractors and/or material men in pursuance of the said construction contract, which said set-offs and/or counterclaims plaintiff has failed to assert against such subcontractors and/or material men."

The motion also included the following amendment:

"By adding to the caption thereof the following words:

'Trial by jury is demanded'."

The latter portion of the motion was ostensibly based on F.R.Civ.P. 38(b), 28 U.S.C.A.

On June 13 the defendant filed a motion under Rule 39(b) for a trial by a jury of all issues.

From the foregoing three questions emerge:

1. Should the amendment be allowed?

2. If the amendment is allowed, should the request for a jury trial be granted under Rule 38(b)?

3. Should the request for a jury trial be granted under Rule 39(b)?

1. No reason appears why the amendment to the answer should not be allowed. Rule 15(a) provides that leave to amend "shall be freely given when justice so requires." In his brief the defendant has characterized his own original fourth affirmative defense in language more caustic than I should care to utilize. It is sufficient to say that the original statement of defense is not entirely clear as indicating the defense sought to be availed of by the amendment in an action by a surety against an indemnitor. It seems evident that the defendant seeks by the amendment to show that the surety, in paying claims of sub-contractors or furnishers of labor or material against the bonded contractor, did not avail itself of set-offs or counterclaims available to the bonded contractor as against such subcontractor or furnisher of labor or material. This defense was imperfectly expressed in the fourth affirmative defense and both the explicit and implicit terms of the Rules require that the defendant be allowed to clarify this ground of defense.

2. Assuming that the requested amendment is allowed, the question remains whether the accompanying demand for a jury trial should be granted as a matter of right under Rule 38(b). This Rule, insofar as here material, provides that "any party may demand a trial by jury of any issue triable of right by a jury * * *," and that the demand may be made "not later than 10 days after the service of the last pleading directed to such issue * * *."

Two questions are thus presented.

(a) Does the amendment set forth a new issue not raised in the original affirmative defense so as to form the basis of a demand for jury trial on that issue which was not included in the case when the earlier waiver was made, or is the amendment merely an amplification or correction of the same issue raised by the original fourth affirmative defense.

In Reeves v. Pennsylvania R. Co., 9 F.R.D. 487, 488, this Court as presently constituted said:

"The authorities are uniform that when a plaintiff has waived a jury trial and subsequently files an amendment to the complaint which does not change the nature of the case or introduce new issues, such amendment does not entitle the plaintiff to demand a jury trial as a matter of right and over objection, pursuant to Rule 38(b)."

The above view was not based upon the status of the party as plaintiff or defendant. If an amendment to the complaint did not so change the issues

as to entitle a plaintiff to a demand for a jury trial, so an amendment of an answer which does not change the issue raised by the answer does not entitle the defendant to raise for the first time a demand for a jury trial. Steinhardt Novelty Co. v. Arkay Infants Wear, Inc., D.C.E.D.N.Y.1950, 10 F.R.D. 321, 323. Of course, even if the amendment is found to raise such a "new issue," it neither operates as a renewal of the right to demand a jury trial on the other issues previously raised in the pleadings nor as a cancellation of the prior waiver as to these issues. Waldo Theatre Corp. v. Dondis, D.C.D.Me.1941, 1 F.R.D. 685; see 5 Moore, Federal Practice ¶ 38.41.

It is not apparent to me that any new issue is involved. The defendant by both the original fourth defense and by the amendment as made to the answer shows that he relies upon certain set-offs or counterclaims in connection with the performance of the work done under the construction contract. It is certainly true that in the original fourth affirmative defense the nature of the set-off or counterclaim is very obscure and that it is made more clear by the amendment, but I am not prepared to say that an entirely new issue is presented.

(b) Even assuming, solely arguendo,[1] that the amendment does present a new issue, it is not clear that such issue is of such a nature as to entitle the defendant to make a demand for a jury trial. It will be noted that the proposed amendment does not rely upon any set-off or counterclaim with which the defendant himself is directly concerned. It alleges that Dunn Company, the bonded contractor, had certain set-offs or counterclaims against the subcontractors as to which the surety did not avail himself and that the defendant, as an alleged indemnitor for Dunn, relies upon these set-offs and counterclaims. The claim of the defendant bears a strong analogy to the equitable doctrine of subrogation.

Long before the adoption of the Federal Rules of Civil Procedure when the line of demarcation between legal and equitable rights or defenses was more clearly marked, a defense based on the equitable doctrine of subrogation was allowable in defense of a legal claim. This was the holding in Platte Valley Cattle Co. v. Bosserman-Gates Live Stock & Loan Co., 8 Cir., 202 F. 692, 697, where it was said that "subrogation is, indeed, the creature of equity."

It is, of course, true that matters of a legal nature and those of an equitable nature may now be joined in the same complaint or as matters of defense. When issues in the pleadings do not fit into one of the recognized categories of law or equity, whether or not a jury trial of such issues is allowable depends upon the inherent nature of the right claimed and of the remedy sought. See Ring v. Spina, 2 Cir., 1946, 166 F.2d 546, certiorari denied 1948, 335 U.S. 813, 69 S.Ct. 30, 93 L.Ed. 368; Arnstein v. Porter, 2 Cir., 1948, 154 F.2d 464, 468.

In Canister Co. v. Leahy, 3 Cir., 182 F.2d 510, 513, the Court said:

"* * * [W]e are of the opinion that the form of a complaint and the nature of the relief prayed for in it must guide a trial court in its determination as to whether or not a trial shall be to the court or by a jury. * * *"

In the answer as originally filed in this case, a jury trial was waived and this is a waiver of the trial of every issue which by the answer would have allowed a demand for a jury trial. The only prayer for relief by the defendant is a cancellation of the alleged agreement of indemnity.

In the answer in the present case, except for the possible issue of the factum of the instrument itself and the questions raised by the present amendment, every issue involves the alleged fraud of the plaintiff. Fraud either as alleged and relied upon by the plaintiff or alleged as a matter of defense is not distinctively either a legal issue or one of an equitable

**592**

nature, and as expressed by 5 Moore Fed. Prac., page 175:

"For the purpose of determining whether an issue of fraud should be tried to the court or jury the relief sought by the party raising the issue becomes important."

■ The only relief sought by the defendant is the cancellation of the instrument and cancellation is purely an equitable remedy. Liberty Mutual Ins. Co. v. Gerald, 5 Cir., 1948, 170 F.2d 917, 919; Fitzpatrick v. Sun Life Assurance Co., D.C., 1 F.R.D. 713. So I think the issue raised by the present amendment is an equitable one. As herein indicated, the defendant has no set-off or counter-claim personal to himself as against the plaintiff. At most it is an equitable claim reposing in him by reason of his relationship as alleged indemnitor for the Dunn Company, the bonded contractor.

■ I am clearly of the opinion that the issue raised by the amendment is of an equitable nature and does not constitute an "issue triable of right by a jury," as required by Rule 38(b). Demand for a jury trial under Rule 38(b) is denied.

3. The defendant has urged the allowance of a jury trial as a discretionary act of the Court under Rule 39(b).

■■ This Court in many cases [1] has held that a jury trial should not be granted under the discretionary power of the Court under Rule 39(b) unless some adequate or proper reason be assigned to invoke such discretionary power. No such reason is here assigned. As herein indicated, every issue raised by the answer, either as originally filed or as amended, is of an equitable nature and not triable by a jury, so a request for a jury trial even if demanded at the appropriate time could not have been granted. The request for a jury trial under Rule 39(b) must be denied.

[1.] Reeves v. Pennsylvania R. Co., 9 F.R.D. 487; Container Co. v. Carpenter Container Corporation, 9 F.R.D. 261; Canister Co. v. National Can Corporation, 8

F.R.D. 408; State of Delaware for Use of General Crushed Stone Co. v. Massachusetts Bonding & Ins. Co., 3 F.R.D. 65.