UNITED STATES of America, Plaintiff,

v.

C. W. KRIETEMEYER et al,
Defendants.

Civ. No. 80–3068.

United States District Court,
S. D. Illinois.

Dec. 19, 1980.

---

Robert L. Simpkins, Asst. U. S. Atty., E. St. Louis, Ill., Eugene R. Sullivan, Paul A. Blaine, Civil Division, Dept. of Justice, Washington, D. C., for plaintiff.

Bernard A. Reinert, St. Louis, Mo., for defendants; David M. Duree, Fairview Heights, Ill., of counsel.

## ORDER

FOREMAN, Chief Judge:

Before the Court are plaintiff's Motion for Partial Summary Judgment, defendants' Motion to Dismiss, and the parties' memoranda in support of and opposition to the respective motions.[1] Defendants' Answer and Motion to Dismiss were filed on the same day, September 2, 1980. Also, before the Court is plaintiff's Opposition to the Defendants' Demand for Jury Trial.

## MOTION TO DISMISS

On September 2, 1980, defendants filed a Motion to Dismiss Counts 2, 3 and 4 of plaintiff's complaint because they pray for damages that are asked for in Count 1 (the False Claims Act count) and the damages prayed for in Count 1 are the only damages allegedly available to the plaintiff. Defendants further assert that punitive damages, if available at all, could only be available under the exclusive remedy of the False Claims Act, 31 U.S.C. § 231, and since plaintiff did not request punitive damages in Count 1, all requests for punitive damages should be dismissed. Finally, defendants assert that under Illinois law, punitive damages are not available in this case since there is no allegation of wantonness, malice or circumstances of aggravation.

 The Motion to Dismiss is DENIED. First, the False Claims Act is not plaintiff's sole recourse. Under the Federal Rules of Civil Procedure, plaintiff is at liberty to plead alternative counts on theories. Fed.R.Civ.P. 8(e)(2). Moreover, the Government may set forth alternative legal grounds for recovery and use the False

Claims Act remedy in conjunction with other theories. *United States v. Guzzone*, 273 F.2d 121 (2d Cir. 1959); *United States v. Mead*, 426 F.2d 118 (9th Cir. 1970) (False Claims Act used together with the common law doctrine of payment by mistake); *United States v. Borin*, 209 F.2d 145 (5th Cir.), *cert. denied*, 348 U.S. 821, 75 S.Ct. 33, 99 L.Ed. 647 (1954) (False Claims Act with theories of restitution and common law fraud). The False Claims Act was never intended to be the exclusive remedy for fraud. *Borin, supra*, at 148.

 Finally, while Illinois law alone is certainly not controlling on this point, the request of punitive damages in Counts 2 through 4 could never be a basis for dismissal. The award of punitive damages is within the discretion of the trial court. *Munson v. American National Bank & Trust Co.*, 484 F.2d 620, 622–23 (7th Cir. 1973). Accepting as true for purposes of the Motion to Dismiss plaintiff's allegations that defendants knowingly defrauded the Government of at least $161,846 in twelve different invoices, sufficient facts have been alleged to constitute aggravating circumstances which would allow such an award.

## PARTIAL SUMMARY JUDGMENT

The Government contends that the guilty pleas of G & H Machinery Company and C. W. Krietemeyer in the criminal case of *United States v. G & H Machinery Co. and C. W. Krietemeyer*, Criminal Nos. 79–05012–01–E, 79–05012–02–E (S.D.Ill.1979), establish certain facts which entitle it to a partial summary judgment under Federal Rule of Civil Procedure 56(a)(2). Specifically, the defendants were indicted for, *inter alia*, "making twelve false and fraudulent claims against the United States by submitting false invoices when billing on GSA repair contracts in violation of 18 U.S.C. § 287." Memorandum in Support of Plaintiff's Motion for Partial Summary Judg-

1. Although plaintiff filed its Motion for Summary Judgment prior to the filing of defendants' answer, defendant did in fact file an answer, so that the case is now in a proper procedural stance for a ruling on the motion.

ment at 2. In the indictment, each count of Counts 2 through 13 stated an invoice number, an amount billed, and charged that the defendants knew that the claims were false and fraudulent in that the money claim totalled substantially in excess of that to which G & H was entitled for the actual work performed. On July 12, 1978, both G & H and C. W. Krietemeyer pled guilty and were convicted of Counts 2 through 13, as well as on Count 1, a conspiracy charge. In addition, Krietemeyer pled and was convicted of Counts 14 through 34 for mail fraud.

These facts, contends the Government, conclusively establish liability under the False Claims Act, 31 U.S.C. § 231 (1979)[2], in the amount of $2,000 for each of the twelve claims, totalling $24,000, since under that Act the United States need only prove that the defendants presented their false claims knowingly. Actual damage need not be shown. *United States v. Rohleder*, 157 F.2d 126, 129 (3d Cir. 1946); *United States v. Kates*, 419 F.Supp. 846, 852 (E.D.Pa.1976). The Government also requests $50,000 punitive damages, which it asserts are available.

The defendants contend that summary judgment would be improper because there are facts in controversy concerning whether defendants actually defrauded the Government which prohibit granting plaintiff's motion. These facts are in controversy, according to defendants, because a guilty plea does not act as an estoppel; and because, since their pleas were accepted under the provisions of *North Carolina v. Alford*, 400 U.S. 25, 91 S.Ct. 160, 27 L.Ed.2d 162 (1970) over protestations of lack of intent, those pleas fail to establish an intent to defraud the government. The Court finds that these contentions lack merit and that plaintiff's Motion for Partial Summary Judgment should be granted as to liability under the False Claims Act.

■ It is certain that a prior criminal conviction may create an estoppel in favor of the Government in a subsequent civil proceeding. *Emich Motors Corp. v. General Motors Corp.*, 340 U.S. 558, 71 S.Ct. 408, 95 L.Ed. 534 (1951). Exactly what effect the prior conviction will have is based on the character of the conviction and the identity of those issues at stake in the civil proceeding. In the Seventh Circuit, "a criminal conviction based upon a guilty plea conclusively establishes for purposes of a subsequent civil proceeding that the defendant engaged in the criminal act for which he was convicted." *Nathan v. Tenna Corp.*, 560 F.2d 761, 763 (7th Cir. 1977). This principle is well established and cannot seriously be controverted by defendant. *See, Local 167, International Brotherhood of Teamsters v. United States*, 291 U.S. 293, 54 S.Ct. 396, 78 L.Ed. 804 (1934); *United States v. Cripps*, 460 F.Supp. 969 (E.D.Mich. 1978) (involving facts similar to those present in this case).

■ It is equally certain that these pleas, taken under the *Alford* standards, sufficiently establish liability for purposes of this partial summary judgment under the False Claims Act. Defendants assert in this regard that since they denied any criminal intent to defraud the Government at the hearing where they pled guilty, collateral estoppel should not apply. As the Government points out, it is not necessary in the Seventh Circuit to establish an intent to defraud the Government under the False Claims Act. *United States v. Hughes*, 585 F.2d 284, 287–88 (7th Cir. 1978). It is enough that the defendant knowingly defrauded the Government. The transcript of the plea hearing, a copy of which is attached to plaintiff's Memorandum in Opposition to Defendants' Motion to Dismiss and in Reply to Defendants' Response to Motion for Partial Summary Judgment, demonstrates that defendants knew they had submitted false claims. Moreover, the Govern-

---

**2.** The statute reads in relevant part: "Any person ... who enters into any agreement, combination, or conspiracy to defraud the Government of the United States or any department or officer thereof, by obtaining or aiding to obtain the payment or allowance of any false or fraud-ulent claim ... shall forfeit and pay to the United States the sum of $2,000 and, in addition, double the amount of damages which the United States may have sustained..." 31 U.S.C. § 231

ment's summary of the evidence, which defendants acknowledged as factual, obviously formed a sufficient factual basis for the plea under Federal Rule of Criminal Procedure 11 and the *Alford* case.[3]

Plaintiff's request for punitive damages in its Motion for Partial Summary Judgment presents a different question. In deciding this question, federal law applies. *Clearfield Trust Co. v. United States*, 318 U.S. 363, 366, 63 S.Ct. 573, 574, 87 L.Ed. 838 (1943). Naturally, a federal court may refer to state law in making its determination. After examining the state authority the parties have presented in their briefs, the Court is not prepared to grant summary judgment on punitive damages at this time. Although the prior criminal conviction estops the defendants from denying that they violated the False Claims Act, there could be factual circumstances surrounding the events in question which would influence the Court in the exercise of its discretion to award punitive damages. Consequently, plaintiff's Motion for Partial Summary Judgment is DENIED as to punitive damages.

### PLAINTIFF'S MOTION TO STRIKE DEFENDANTS' DEMAND FOR A JURY TRIAL

Finally, the Court declines to strike defendants' demand for a jury trial. Although defendants waived the right to a jury trial by not requesting the same in writing within ten (10) days of the filing of their answer, Federal Rule of Civil Procedure 38, the Court approaches their belated request with the "open mind" recommended by Professors Wright and Miller, Wright & Miller, *Federal Practice and Procedure: Civil*: § 2234, at 116 (1971). Under Rule 39(b), Fed.R.Civ.P. 39(b), the court may exercise its discretion to allow a jury trial once the right has been waived. In a case such as this, where counsel inadvertently forgot to demand a jury trial due to his unfamiliarity with the federal rules, and where the belated request came less than three weeks after the filing of the answer, the Court should not deny defendant his fundamental right to a jury trial. *See, Supplies, Inc. v. Aetna Cas. & Sur. Co.*, 18 F.R.D. 226 (D.Pa.1955) (honest mistake of inexperienced counsel constituted grounds for exercise of discretion to grant trial).

Since the Court has already granted summary judgment as to the $2,000 statutory penalty on each of twelve incidents of false claims, the grant of a right to a jury trial applies in practical effect only to the Government's attempt to prove actual damage and to obtain punitive damages.

### CONCLUSION

Accordingly, defendants' Motion to Dismiss is DENIED; plaintiff's Motion for Partial Summary Judgment is GRANTED as to $2,000 statutory liability for each of twelve instances of submission of false claims to the Government so that judgment in the amount of $24,000 is hereby entered against defendants C. W. Krietemeyer and G & H Machinery Company; plaintiff's Motion for Partial Summary Judgment is DENIED with respect to an award of punitive damages; and defendants' Demand for Jury Trial is hereby GRANTED.

IT IS SO ORDERED.

---

3. Defendants assert again in their Memorandum in Rebuttal to Plaintiff's Reply to Defendants' Response to Motion for Partial Summary Judgment that the convictions taken in the criminal cases are not collateral estoppel apparently because there is no factual basis for each and every plea. The transcript of the plea hearing reveals a lengthy discourse between the defendant and the Court in which a factual basis was developed as to all the counts. It was clear that the defendant was fully aware that he was waiving his right to trial and that he was pleading to each and every count. Moreover, as pointed out in the text, defendant protested his innocence with respect to intent to defraud, not with respect to the fact that he knowingly defrauded the Government, a fact evident from the plea hearing transcript.