**UNITED STATES of America, Plaintiff,**

v.

**G & H MACHINERY, et al., Defendants.**

**Civ. No. 80–3068.**

United States District Court,
S. D. Illinois.

Dec. 3, 1981.

Robert L. Simpkins, Asst. U. S. Atty., East St. Louis, Ill., Eugene R. Sullivan, Paul A. Blaine, Justice Dept., Civ. Div., Washington, D. C., for plaintiff.

Bernard A. Reinert, Leritz & Reinert, P.C., St. Louis, Mo., David M. Duree, O'Fallon, Ill., for defendants.

## ORDER

FOREMAN, Chief Judge:

This matter is currently before the Court for final resolution of equity counts and for

entry of judgment following a week long trial and eventual verdicts for plaintiff on November 20, 1981. The action was brought under 31 U.S.C. § 231 *et seq.* and 28 U.S.C. § 1345. Plaintiff sought recovery for overbilling on U. S. Air Force ground equipment contracts in the following counts: (1) Count I, violation of the False Claims Act, 31 U.S.C. § 231 *et seq.*; (2) Count II, for unjust enrichment and restitution, and by way of remedy an accounting and constructive trust; (3) Count III, for monies paid by plaintiff by mistake; (4) Count IV, for breach of the repair contracts by defendants and against C. W. and Ronald Krietemeyer for tortious inducement to breach contracts between G & H Machinery and the plaintiff. The jury acted as factfinder and was instructed on Counts I, III and IV, while the Court sat concurrently in equity for a determination on Count II.

The Court, sitting in equity, makes the following findings of fact with respect to Count II.

1. G & H Machinery is a corporation that was engaged in the business of equipment repair. During the times relevant to the complaint, C. W. Krietemeyer was the President of G & H and its predominant shareholder. Ronald H. Krietemeyer was the Vice President of G & H from April 1975 through 1977.

2. G & H, during the years 1974–1977, was engaged in the repair of U. S. Air Force ground support equipment pursuant to contracts administered by the Government Services Administration ("GSA") for the United States: Contract No. GS–05–DP–(P)–45869 (in force for the period 7/1/74 to 6/30/75); Contract No. GS–05W–56153 (in force for the period 7/1/75 to 6/30/76); Contract No. GS–05W–66269 (in force for the period 7/1/76 to 6/30/77).

3. These repair contracts, termed "time and material" contracts, provided for G & H to bill the Government by invoice for all direct labor and parts used on the repair of items sent to G & H by the Air Force.

4. Evidence was received at trial showing that on at least twelve (12) invoices, the items sent to G & H by the Air Force were repaired completely or to a great extent by third party subcontractors at a price substantially less than that billed to the Government by G & H. The instant invoices did not disclose the fact that subcontractors were used on the repair of these items. In fact, the invoices contained a false overinflation of labor hours used by G & H on the repair of these items and contained a false listing of parts used in the repair. In addition, evidence was received at trial showing the existence of a parts price overinflation scheme on other invoices submitted by G & H pursuant to these contracts.

5. G & H and its President, C. W. Krietemeyer, pled guilty to the fraud scheme on the instant twelve invoices in their plea to all counts of a 34 count indictment in the criminal case of *United States v. G & H Machinery Co. and C. W. Krietemeyer*, Crim. Nos. 79–05012–01E, 79–05012–02E (S.D.Ill.1979).

6. In the instant civil case and prior to the trial, this Court had granted partial summary judgment and held as a matter of law that the guilty pleas of G & H and C. W. Krietemeyer in the criminal case created an estoppel in favor of the Government in the civil case, and, therefore, conclusively established liability under the False Claims Act (Count I) for G & H and C. W. Krietemeyer. *United States v. C. W. Krietemeyer, et al.*, 506 F.Supp. 289, 292 (S.D.Ill.1980); *accord*, e. g., *Emich Motors Corp. v. General Motors Corp.*, 340 U.S. 558, 71 S.Ct. 408, 95 L.Ed. 934 (1951); *Nathan v. Tenna Corp.*, 560 F.2d 761, 763 (7th Cir. 1977). Accordingly, the jury was instructed that G & H and C. W. Krietemeyer, as a matter of law, were adjudged liable on Count I (False Claims Act violation) and the jury was to only assess damages, if any, for these two defendants under Count I.

7. The jury, after deliberation, returned separate verdicts holding for the plaintiff, United States, and against each defendant on each of the Counts I, III and IV.

Conclusions of law to be reached on Count II present questions concerning possi-

ble double recovery by plaintiff. Preliminarily, the Court has jurisdiction under 28 U.S.C. § 1345 and 31 U.S.C. § 232. In its proposed judgment, the Government indicates that since the verdicts on Counts III and IV are less than the amounts assessed in Count I against the defendants, all damages under Counts III and IV should be "merged" into the damage award amounts in Count I, and that the amounts in Count I should stand as the final judgment. Assuming this would be proper, the question posed for the Court is whether an award rendered by the Court on Count II would similarly be merged into Count I.

This Court held at an earlier stage in this litigation that the False Claims Act is not the Government's sole recourse when it is damaged by an overbilling scheme involving time and materials contracts. *United States v. Krietemeyer*, 506 F.Supp. 289 (S.D.Ill.1980). This determination was due to liberal federal pleading rules and the intent of the drafters of the False Claims Act.

█ Under the Federal Rules of Civil Procedure, plaintiff is entitled to plead alternative legal grounds for recovery. Fed. R.Civ.P. 8(e)(2). The draftsmen of Rule 8(e)(2) "realized that flexible pleading was essential to a full presentation of all relevant facts and legal theories at trial and final settlement of disputes on their merits." Wright & Miller, *Federal Practice and Procedure: Civil* § 1282, p. 368 (1969). Thus, the pleader may, as did the Government in this case, set forth inconsistent legal theories in the pleading without being forced to select a single theory on which to seek recovery. *See, Berry Ref. Co. v. Salemi*, 353 F.2d 721 (7th Cir. 1965). Naturally, if the viability of one or another claim hinges upon a factual determination, both theories may be presented to the jury for their resolution.

█ After deliberation, the jury in this case returned verdicts for the Government in varying amounts on the claims made in Counts I, III and IV. It appears to the Court that the Government's proposal that Counts III and IV be merged into Count I is a viable method of eliminating a double recovery. However, the Court can think of no reason why whatever verdict is reached on Count II for unjust enrichment should not similarly be merged. The same rationale of preventing unjust enrichment underlying the equitable restitution remedy in Count II underlies the legal restitution remedy sought in Count III. *See*, D. Dobbs, *Remedies* 229–40 (1973). The measure of the remedy, that is, the amount of money the unjustly enriched party should disgorge, is the same for both. The only practical difference between them is that, if the jury had not found for the Government on Count III, the Government had a "second chance" with the Court on Count II. Also, the equitable remedy allowed greater flexibility in fashioning relief.

In light of the above discussion, the Court hereby finds that the overcharging scheme did unjustly enrich all the defendants and ORDERS restitution in the amount of $1,500 against Ronald Krietemeyer, $1,500 against C. W. Krietemeyer and $10,000 against G & H Machinery Company.

The Clerk of this Court is hereby ORDERED to enter judgment in the following amounts. First, since the verdicts on Counts II, III and IV are assessed in amounts less than those in Count I, those verdicts are merged into Count I. Thus, judgment shall be entered in the amounts indicated by Count I and 31 U.S.C. § 231 only. As to G & H Machinery, the jury found damages of $120,000. This amount is doubled per operation of § 231, for a total of $240,000. To this is added $24,000 of statutory forfeiture liability entered by way of summary judgment in this matter on December 19, 1980, for each of twelve false invoices, for a grand total against G & H Machinery Company of $264,000.

As to C. W. Krietemeyer, the jury found against him in the amount of $2,000. Doubled by operation of § 231, and added to $24,000 statutory forfeiture liability entered by way of summary judgment dated December 19, 1980, for each of twelve false invoices, the award totals $28,000.

**468**

As to Ronald Krietemeyer, the jury assessed damages of $2,000. This figure is doubled by operation of § 231. In addition, there is a forfeiture of $2,000 for each of twelve false invoices. The total equals $28,-000.

Accordingly, the Clerk of this Court should enter judgment pursuant to Federal Rule of Civil Procedure 58 in the following amounts against the following persons:

(1) G & H Machinery Company—$264,000

(2) C. W. Krietemeyer—$28,000

(3) Ronald H. Krietemeyer—$28,000

IT IS SO ORDERED.